78  295
4ap419
4ap427

SIMON NEWMAN and Others, Appellants, *v.* JOHN C. WILSON and Another, Respondents.

*Verdict, when conclusive — implied warranty by vendor.*

When the verdict of a jury has been rendered upon conflicting evidence, upon a charge, fair, clear and unexceptional, such verdict is conclusive where there is nothing to show that it was not an intelligent and honest exercise of judgment upon the facts and circumstances of the case.

Whenever a man sells goods with special reference to a special purpose, the law charges him with representing or warranting that the goods shall be fit for that purpose, and if they are unfit, then he is responsible for the damages that result from their unfitness.

APPEAL by the plaintiffs, Simon Newman and others, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 9th day of February, 1893, upon the verdict of a jury rendered after a trial at the Kings County Circuit, and also from an order made at the Kings County Circuit on the 8th day of February, 1893, and entered in said clerk's office, denying the plaintiffs' motion for a new trial made upon the minutes.

The action was brought to recover the amount of a claim for vinegar sold, to which a defense of breach of warranty was interposed. The court charged, among other things, as follows: " Whenever a man sells goods with special reference to a special purpose, the law charges him with representing or warranting that the goods shall be fit for that purpose, and if they are unfit, then he is responsible for the damages that result in consequence of their being unfit."

*Benjamin Patterson* and *George Bell*, for the appellants.

*Byram L. Winters*, for the respondents.

PRATT, J.:

This is an appeal from a judgment entered on a verdict of a jury and from an order denying a new trial.

There seems to have been no exception taken, however, to the denial of the motion for a new trial, but that is immaterial as there was no merit in the motion and we should affirm the order even if there had been an exception.

The action was for the price of vinegar sold and delivered to the defendants which they used in their business, and the jury allowed the plaintiffs the price of it in this verdict.

The defendants set up a counterclaim for damages for a breach of warranty, which was sustained by the jury, and judgment was thereafter rendered in favor of the defendants.

The evidence was conflicting and the charge was fair, clear and unexceptionable, and, under such circumstances, the verdict is conclusive.

There is nothing in the case to show that the verdict was not an intelligent and honest exercise of judgment upon all the facts and circumstances of the case.

The appellants complain of the amount of the verdict in that defendants are given double damages. The answer to that is that such is not the fact. With the plaintiffs' consent the judge made a list of the items of the defendants' claim for damages, and gave it to the jury as they went out to deliberate upon their verdict, who returned a verdict for a sum less than that claimed by the defendants. If the list was incorrect, or if it contained any claim which ought not to have been submitted to the jury, the appellants should have had it corrected or taken an exception.

As to the warranty and the rule of damages, the judge charged according to well-settled rules of law, to which no exception was taken.

The judgment and order should be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment and order affirmed, with costs.