different provision from the one pleaded. We are of the opinion that the defendant could not avail itself of the defense that the action was not brought within the time limited by the contract, unless it was pleaded, and that the answer did not plead such limitation. It set up a claim that could not be sustained by the contract, and one calculated to mislead, rather than to inform plaintiff of the defense upon which the motion for nonsuit was based. Moreover, it does not appear that any proof was offered by defendant, or that any was made under this defense. The date when the proofs of injury were received is conceded; but there is no concession, nor proof offered, nor fact called to the attention of court or counsel, indicating when the action was commenced. It is true that the summons appears to have been dated September 7, 1894; and, if it be conceded that such fact might be referred to as proof that the action was not commenced before that date, yet we are not at liberty to assume that it was before the court on the trial, nor to treat it as in evidence now, without an amendment of the defendant's pleading. At the time motion for nonsuit was made, no proof had been offered, and none could have been received, under defendant's answer, as to when the action was commenced, except upon special application to the court, and an amendment of the pleading. No such application was made, and the question as to when the action was commenced does not seem to have been referred to. We conclude, therefore, that in this respect the motion was properly denied.

The claim that plaintiff could not recover because he had refused to submit to arbitration, under the provisions of the policy, is not pressed upon this appeal, and evidently could not be sustained. If such provision amounts to anything, it is to the effect that all differences arising under the contract must be arbitrated at the request of the insurer. Such a provision would oust the court of all jurisdiction, and therefore is not valid as a bar to the action. President, etc., Delaware & H. Canal Co. v. Pennsylvania Coal Co., 50 N. Y. 266; Seward v. City of Rochester, 109 N. Y. 164, 16 N. E. 348. We conclude that no error was committed upon this trial, and that the judgment should be affirmed.

Judgment and order appealed from affirmed, with costs.

MERWIN and PUTNAM, JJ., concur. HERRICK, J., concurs in result.

---

BURNS v. GLENS FALLS, S. H. & FT. E. ST. R. CO.

(Supreme Court, Appellate Division, Third Department. April 14, 1896.)

MASTER AND SERVANT—LIABILITY OF MASTER—TORT OF SERVANT.

In an action for wrongfully ejecting plaintiff from defendant's car, a request to charge without qualification that defendant was not liable if the conductor's conduct was willful or malicious, or if his acts were done with a purpose of his own, was properly refused, because a master is liable for the acts of his servant within the general scope of his employment while engaged in the master's business, and done with a view to the furtherance of his business, whether the act is done negligently, wrongfully, or even willfully.

Appeal from circuit court.

Action by Charles Burns against the Glens Falls, Sandy Hill & Ft. Edward Street-Railroad Company. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on the judge's minutes, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

G. M. Ingalsbe (Potter & Lillie, of counsel), for appellant.

W. E. Young, for respondent.

PARKER, P. J. This case was sent to the jury upon the question of fact whether the conductor used unnecessary violence or inflicted unnecessary indignity upon the plaintiff while ejecting him from the car. On that question the jury have found for the plaintiff, and the defendant asks for a new trial, on the ground that such verdict was not sustained by the evidence, and also for alleged error in the charge of the court.

Although the conductor testified that the car stopped, and plaintiff was put off, at a point something over 500 feet from where plaintiff's witnesses Yarter and Young stood, yet they testify that it stopped in front of the Halfway House, where they were sitting; one of them says about 30 feet away. They claim not only to have seen the transaction, but that the car stopped where they could see it; and on the question of fact the evidence on the part of the defendant is very far from being so conclusive that the verdict of the jury should be disturbed. Thompson v. Vrooman (Sup.) 21 N. Y. Supp. 179; Sweeny v. Mayor (Sup.) 17 N. Y. Supp. 797; Baird v. Mayor, 96 N. Y. 567; Newman v. Wilson, 78 Hun, 295, 28 N. Y. Supp. 914.

The claim of error in the charge is that the court did not properly instruct the jury as to what would be the effect upon the defendant's liability if the conduct of the conductor was willful and malicious, and done with a purpose of his own. The rule of law upon that subject seems to be settled substantially as follows:

"For acts of the servant within the general scope of his employment, while engaged in his master's business, and done with a view to the furtherance of that business and the master's interest, the master will be responsible, whether the act be done negligently, wantonly, or even willfully. In general terms, if the servant misconducts himself in the course of his employment, his acts are the acts of the master, who must answer for them. There are intimations in several cases of authority that for the willful act of the servant the master is not responsible. * * * But these intimations are subject to the material qualifications that the acts designated 'willful' are not done in the course of the service, and were not such as the servant intended and believed to be for the interest of the master. In such case the master would not be excused from liability by reason of the quality of the act. * * * If a servant goes outside of his employment, and without regard to his service, acting maliciously, or in order to effect some purpose of his own, wantonly commits a trespass, or causes damage to another, the master is not responsible; so that the inquiry is whether the wrongful act is in the course of the employment, or outside of it, and to accomplish a purpose foreign to it." Mott v. Ice Co., 73 N. Y. 543–547.

See, also, Ochsenbein v. Shapley, 85 N. Y. 215–220.

In Hoffman v. Railroad Co., 87 N. Y. 25–32, it is said:

"The defendant is responsible unless the brakeman used his authority as a mere cover for accomplishing an independent and wrongful purpose of his own."

See, also, Meehan v. Morewood, 52 Hun, 566, 5 N. Y. Supp. 710.

Three requests to charge were made by defendant's counsel, each one of which was a separate and distinct proposition, and each one of which must stand or fall by itself. The first was that, if the conductor's act was willful, the defendant was not liable; clearly, a proposition not sustained by the rule above quoted. The second request was that, if his conduct was malicious, the defendant was not liable; a proposition evidently not sustained by the above rule, for it is there said that, though the act be "wantonly or even willfully done," the master is liable if it was done in the course of his service, and intended to be for the master's interest. The third request was that, if the acts were done "with a purpose of his own," the defendant was not liable. Manifestly, this proposition is not a correct one, for the purpose of his own might have been to put the plaintiff off the car, in the interest of defendant, and in obedience to his instructions. Such a purpose, clearly, would not exonerate the defendant. The test is not the "quality of the act," but whether or not it is done outside of the servant's employment, and to accomplish a purpose of his own foreign to such employment; and neither of the requests includes that element in the proposition it presents. But the court charged the last proposition with some modification, and the defendant complains that in so doing he misstated the rule. The statement was substantially to the effect that, so far as the conductor was acting in the performance of his duty as agent of the defendant, the defendant was liable for his acts; but if the altercation was one between the conductor and the plaintiff, wholly unconnected with the business of the defendant, the defendant would not be liable. Both of the propositions contained in that statement are correct; and, if counsel desired a more full explanation as to just what the conductor's motives and purposes must be in order to exonerate the defendant, he should have made specific requests to charge, in which the correct rule was stated. Certainly, the requests which he did make were not correct, and the only exception he took to the charge was that it did not conform to those requests.

The other exceptions taken to the charge, and to the refusals to charge as requested, are not pressed by the defendant, and we do not discover any error in them. Our conclusion is that the judgment should be affirmed.

Judgment and order appealed from affirmed, with costs.

HERRICK, MERWIN, and PUTNAM, JJ., concur. LANDON, J., concurs in the result.