JOSEPHINE ISERMAN, Respondent, v. WALTER E. CONKLIN, Appellant.

(County Court, Rockland County, August, 1897.)

1. Conditional sale — Default of vendee — Damages for detention.

The owner of a sewing machine sold with a condition precedent of payment, is not entitled to maintain an action of replevin, where she is in default as to payments required; nor can she recover damages for the unlawful detention of the machine, where she has not proved any damages, but merely the value of the machine.

2. Agency — Disclosed principal should be sued.

An action cannot be maintained against an agent where he discloses his principal and where all dealings between the parties are conducted with knowledge that the agent is acting solely for the principal.

ACTION for conversion of personal property.

Richard S. Harvey, for appellant.

Frank Comesky, for respondent.

TOMPKINS, J. This action was brought to recover the possession of a sewing machine and for damages for its unlawful detention. The judgment appealed from awarded to the plaintiff the possession of the machine and the sum of forty-eight dollars damages and fourteen dollars and twenty cents costs.

Plaintiff bought the machine in October, 1894, on the installment plan, agreeing to pay the sum of sixty dollars by installments of three dollars per month after the first payment of twelve dollars.

The plaintiff claims that on the 19th day of October, 1896, the defendant took the machine from her on the pretext of having it repaired, promising to return it, and that it has never been returned.

The defendant, it is conceded, was, and is, the agent of the "Singer Manufacturing Company," and as such took the machine — the claim being made on defendant's behalf, that the plaintiff had defaulted in her payments and that for that reason they kept it and have refused to deliver it up until the balance of twelve dollars past due on the purchase price is paid.

The sale was a conditional one, and, at the time, the plaintiff executed an instrument, which was put in evidence, which is in the form of a lease.   By it plaintiff agreed to make the monthly payments promptly, and it was mutually agreed that the title should not vest in the plaintiff until the rentals paid should amount to the sum of sixty dollars.

It is conceded that the sum of sixty dollars had not been paid, and that there had been a default in the payment prior to the refusal of the company to surrender the machine.   This, in itself, would bar a recovery in the action, because the plaintiff was neither the owner or entitled to the possession of it.

There is another serious objection to the judgment:

The defendant was concededly the agent of the Singer Manufacturing Company.

The plaintiff says that several times she complained of the condition of the machine to the company, and that finally the defendant took it for the purpose of having it repaired.   In all this he was acting for the company, he so testifies, as does also his superior, the general agent of the company.   In fact, the plaintiff testifies that she dealt with Mr. Conklin as the agent of the company, and the facts all show that the defendant acted, with respect to the machine, with knowledge of the plaintiff, as the agent of the company, and within the scope of his employment and not for himself.

An action to recover the property or for damages should have been brought against the principal.   Shotwell v. Few, 7 Pleas, 302; Cobb v. Dows, 10 N. Y. 335; McMorris v. Simpson, 21 Wend. 610; Barnes v. Glens Falls, etc., 38 N. Y. Supp. 856; and cases there cited.

It was not disputed that the property was taken to the company's office, at Newburg, and kept there by the defendant's principal since.

The complaint asked judgment for the possession of the property and for twenty-five dollars damages, the judgment awards the possession of the machine to plaintiff and also the sum of forty-eight dollars damages — this was erroneous.   The plaintiff proved the value of the machine, but did not prove any amount of damages for its unlawful detention — she was then only entitled to recover, if anything, the possession or its value; not both.

For these reasons the judgment must be reversed.

Judgment reversed.