prior to the Code, misnomer of either party could only be pleaded in abatement of the action. Grah. Pr. p. 20, and cases cited. Neglecting to interpose such plea waived any advantage to the defendant therefrom. The mistake was amendable by the court. The misnomer was not ground of nonsuit upon the trial. It was not like the case of bringing an action by the wrong party. That was ground of nonsuit. By the Code, pleas in abatement are abolished. Code, §§ 143–151. The only mode of presenting such a defense, under the Code, is by answer."

I think the motion of the defendant should have been denied, and the plaintiff permitted to correct the misnomer in the summons upon proper terms. If the plaintiff neglect to take advantage of this permission, the misnomer will be available to the defendant by answer, as held by the court of appeals in the Traver Case.

Order reversed, without costs, and with leave to plaintiff to apply at special term for permission to correct the misnomer in the summons. All concur.

---

### FRANKLIN v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. June 22, 1900.)

1. CREDIBILITY OF WITNESS—HOSTILITY.

In an action against a railroad company for injuries, the fact that a witness for plaintiff, who was also her attorney, had, as an attorney, brought other actions against defendant, is not sufficient to show that, as a necessary consequence, he must entertain malice against defendant sufficient to affect his credibility as a witness.

2. SAME—APPEAL—HARMLESS ERROR.

The sustaining of objections to questions put to a witness introduced by plaintiff, who was also plaintiff's attorney, tending to elicit evidence of his hostility to defendant from the fact that as attorney he had prosecuted other actions against defendant, if error, was not prejudicial, where the witness' hostility was made manifest by other evidence.

Appeal from trial term, New York county.

Action by Caroline Franklin against the Third Avenue Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, INGRAHAM, and McLAUGHLIN, JJ.

Eugene Treadwell, for appellant.

Henry L. Franklin, for respondent.

PATTERSON, J. The substance of the cause of action set forth in the complaint herein is found in the allegation that the conductor of the defendant's car, in which the plaintiff was a passenger, committed an unprovoked assault and inflicted severe injuries upon her. The proof made on her behalf fully sustained her allegation. On a serious conflict of evidence the jury found in her favor. The liability of the defendant is well settled. That the conductor in assaulting a passenger was not acting within the scope of delegated authority is an immaterial proposition. The defendant's liability as a common carrier is complete, even for the willful misconduct of its servant, to any one under the protection of a carrier as a passenger. Stewart v. Railroad, 90 N. Y. 588.

On the trial the court sustained an objection to a question put to the plaintiff's principal witness, who was her husband, and also her attorney of record. This witness had testified in great detail to all the incidents of the occurrence out of which the cause of action arose, and his testimony is a highly-wrought account of gross brutality and violence of the conductor to an unoffending woman. On his cross-examination the witness testified that he was the husband of the plaintiff and her attorney of record, and that he was plaintiff in a suit brought against the defendant for personal injuries sustained by him on the occasion mentioned in the complaint in this action, and for physician's bills for attendance upon his wife. That this witness was deeply interested in the result of the trial of this action is obvious, and his credibility was a matter for the consideration of the jury. The defendant's counsel asked him the following questions: "Q. You have been bringing actions against this railroad for some years, haven't you?" and, "Q. You, as attorney, have brought actions against this railroad company before?" and, "Q. You and Mr. Droege have tried cases against me before, haven't you?" These questions were objected to, and the objections were sustained, and exceptions taken. The purpose of asking these questions was stated by counsel to be to test the credibility of the witness. While it is entirely competent to ascertain whether a witness is hostile to the party against whom he is called, and to inquire concerning his feeling towards either party, yet "the evidence to show the hostile feelings of a witness when it is alleged to exist should be direct and positive, and not very remote and uncertain, for the reason that the trial of the main issues in the case cannot be properly suspended to make out the case of hostile feeling by mere circumstantial evidence from which such hostility or malice may or may not be inferred." Schultz v. Railroad, 89 N. Y. 250. There was abundant evidence in this case, without adding to it, to show that this witness was not friendly to the defendant, and that all his feelings and interest were enlisted on the side of his wife and client. It cannot be inferred because a person called as a witness in a particular case has, in the pursuit of his employment as an attorney at law, brought other actions against the opposite party, that therefore, and as a necessary consequence, he must entertain a feeling of malice or hostility such as would affect his credibility as a witness. Proof of that single fact, offered for that purpose, is far from being direct and positive. But, in any view, the rejection of this testimony could not have affected the result of the case. There was sufficient before the jury concerning this witness' relation to the case and to the parties to lay bare his feelings towards the defendant. His hostility was manifest; nevertheless the jury believed him, and the witnesses corroborating him.

The judgment and order appealed from should be affirmed, with costs.

INGRAHAM and McLAUGHLIN, JJ., concur.

RUMSEY, J. I concur fully in the opinion of Mr. Justice PATTERSON, but it seems to me that some mention should be made of

the exception to that portion of the charge of the court in which the jury were instructed that, if the plaintiff was assaulted as she and her husband and her witnesses swear she was assaulted, she was entitled to recover reasonable damages from the company, because the company was responsible for the acts of its conductor of that character, committed as these acts are said to have been committed. The defendant excepted to so much of the charge as told the jury that the defendant was liable for the acts of the conductor committed as these were said to have been committed. What the court said, however, in that connection was sustained by authority. The defendant was a common carrier, whose duty it was to carry Mrs. Franklin safely, and to treat her respectfully, and to protect her against any injury arising from the negligence or willful misconduct of its servants while engaged in performing the duty which it owed to her. Stewart v. Railroad Co., 90 N. Y. 588; Palmeri v. Railway Co., 133 N. Y. 265, 30 N. E. 1001. Within these cases the defendant was clearly liable for the assault, if it was made, and the court was correct in so instructing the jury.

VAN BRUNT, P. J. I concur in result. I think it would have been error to exclude the questions, had there not been other stronger evidence in the case upon the same point.