Retta L. McKay, Appellant, v. The Hudson River Line, Respondent.

*False imprisonment — when the act of a purser towards a passenger, after she has left the boat and surrendered her ticket, does not create a cause of action against the steamboat company.*

A passenger upon a steamboat, after a claim had been made by a fellow-passenger that a satchel carried by the former belonged to the latter, left the boat and surrendered her ticket at a gate on the pier, for the privilege of stopping and delivering passengers at which the steamboat company paid an annual rent. After passing through the gate the passenger was approached by her fellow-passenger, who attempted to take the satchel from her, whereupon the purser of the boat told both passengers to come to the waiting room, which they did, upon which the purser locked the door, and after the passenger had described the contents of the satchel, delivered it to her.

*Held*, that the act of the purser was not within the scope of his authority as purser, and did not create a cause of action for false imprisonment against the steamboat company.

Appeal by the plaintiff, Retta L. McKay, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Orange on the 22d day of November, 1899, upon the dismissal of the complaint by direction of the court after a trial before the court and a jury at the Orange Trial Term, and also from an order entered in said clerk's office on the 21st day of February, 1900, denying the plaintiff's motion for a new trial.

This appeal was transferred from the second department to the first department.

*Graham Witschief*, for the appellant.

*Charles F. Brown*, for the respondent.

Rumsey, J. :

The action was brought for false imprisonment. As the complaint was dismissed at the close of the plaintiff's case, the only question here is whether, giving to her evidence the construction most favorable to her and drawing all inferences in her favor, there was anything to be submitted to the jury. The defendant is the proprietor of a line of steamboats running from Newburgh to New

York, on one of which Mrs. McKay took passage on the 2d of September, 1898. Upon reaching New York she started to leave the boat. The pier at which the boat landed was leased by the city to one Van Santvoord, to whom the defendant pays an annual rent for the privilege of stopping at his pier and delivering passengers and freight. At a short distance from the end of the pier the defendant has constructed a fence with a gate, through which passengers leaving the boat must pass, and where they deliver their tickets as they go through. As Mrs. McKay was leaving the boat a woman came up to her and claimed the satchel which Mrs. McKay had in her hand, insisting that it had been stolen. Mrs. McKay repulsed the woman and went on off the boat. Upon reaching the gate she delivered up her ticket and passed on out, and after she had got beyond the gate the woman approached her again, still claiming that Mrs. McKay had stolen the satchel, and attempted to take it from her. Upon this an altercation took place between the two women, and the purser of the boat observing it, inquired into the matter, and, when it was explained to him, told them to come over to the waiting room, where the matter could be settled. The two women went with the purser to the room, the door was locked, Mrs. McKay was asked to describe the contents of the satchel, which she did, and it was thereupon delivered to her, and one of the officers of the company present apologized for the annoyance and put her into a cab and sent her to her destination. Upon this state of facts the plaintiff claims that she was subjected to an illegal arrest.

It is undisputed that when the altercation took place she had passed beyond the fence which the defendant had erected across the pier and was then upon the pier. The pier where she was was a public highway. (*Matter of N. Y. C. & H. R. R. R. Co.*, 77 N. Y. 249, 257; *Taylor v. Atlantic Mutual Ins. Co.*, 37 id. 275.) Having reached the public highway on her departure from the boat and severed her connection with the defendant by giving up her ticket, she clearly had ceased to be a passenger, and the defendant owed her no duty of protection, as was the case in *Franklin v. Third Ave. R. R. Co.* (52 App. Div. 512) and cases of that kind. The only question presented, therefore, is whether the act of the purser was done in the performance of the duty which he owed to the defendant or whether he had no authority to act for the defend-

ant in that regard. It is quite clear that after the plaintiff had got upon the public liighway she had severed all her relations with the defendant, and it owed her no duty whatever. Whatever altercation may have taken place between the two women was something with which the defendant had nothing to do, and there is no aspect of the case in which it can be said that the purser was acting in the performance of any duty which he owed his employer; and, unless it is clear that at that time he was so acting pursuant to the authority vested in him by the nature of his employment, the defendant is not liable. (*Penny* v. *N. Y. C. & H. R. R. R. Co.*, 34 App. Div. 10.)

Without considering, therefore, whether the act of the purser constituted an arrest for which he would have been liable, it is sufficient to say that whatever he did was outside of any authority which appears to have been vested in him by the defendant. For that reason the conclusion of the court below was correct and this judgment and order must be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Judgment and order affirmed, with costs.