## McKAY v. HUDSON RIVER LINE.

(Supreme Court, Appellate Division, First Department. December 21, 1900.)

.FALSE IMPRISONMENT—NONSUIT.

> Defendant in an action for false imprisonment was the proprietor of a steamboat on which plaintiff had been a passenger. On reaching a public highway, after having severed her relations with defendant by leaving the boat and delivering· up her ticket at a gate on the pier, an altercation ·occurred between plaintiff and another woman, who charged plaintiff·with theft, whereupon the purser of the boat required the two women to enter .a waiting room, locked the door, and asked plaintiff to establish her innocence, which she did, and she was allowed to depart. *Held*, that a ·nonsuit was properly granted, since defendant owed plaintiff no duty after she ceased to be a passenger, and what the purser did thereafter was outside of the scope of his employment.

Appeal from special term, Orange county.

Action by Retta L. McKay against the Hudson River Line. From :a judgment dismissing the complaint, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ. ·

Graham Witschief, for appellant.

Charles F. Brown, for respondent.

RUMSEY, J. The action was brought for false imprisonment. As the complaint was dismissed at the close of the plaintiff's case, the only question here is whether, giving to her evidence the construction most favorable to her, and drawing all inferences in her favor, there was anything to be submitted to the jury. The defendant is the proprietor of a line of steamboats running from Newburg to New York, on one of which Mrs. McKay took passage on the 2d of September, 1898. Upon reaching New York she started to leave the boat. The pier at which the boat landed was leased by the city to one Van Santvoord, to whom the defendant pays an annual rent for the privilege of stopping at his pier and delivering passengers and freight. At a short distance from the end of the pier the defendant has constructed a fence, with a gate, through which passengers leaving the boat must pass, and where they deliver their tickets as they go through. As Mrs. McKay was leaving the boat a woman came up to her and claimed the satchel which Mrs. McKay had in her hand, insisting that it had been stolen. Mrs. McKay repulsed the woman, and went on. off the boat. Upon reaching the gate she delivered up her ticket and passed on out, and after she had got beyond the gate the woman approached her again, still ·claiming that Mrs. McKay had stolen the satchel, and attempted to take it from her. Upon this an altercation took place between the··two women, and the purser of the boat, observing it, inquired into the matter, and, when it was explained to him, told them to ·come over to the waiting room, where the matter could be settled. The two women went with the purser to the room, the door was locked, Mrs. McKay was asked to describe the contents of the :satchel, which she did, and it was thereupon delivered to her: and

one of the officers of the company present apologized for the annoyance, and put her into a cab and sent her to her destination. Upon this state of facts, the plaintiff claims that she was subjected to an illegal arrest. It is undisputed that when the altercation took place she had passed beyond the fence which the defendant had erected across the pier, and was then upon the pier. The pier, where she was, was a public highway. In re New York Cent. & H. R. R. Co., 77 N. Y. 249–257; Taylor v. Insurance Co., 37 N. Y. 275. Having reached the public highway on her departure from the boat, and severed her connection with the defendant by giving up her ticket, she clearly had ceased to be a passenger, and the defendant owed her no duty of protection, as was the case in Franklin v. Railroad Co., 52 App. Div. 512, 65 N. Y. Supp. 434, and cases of that kind. The only question presented, therefore, is whether the act of the purser was done in the performance of the duty which he owed to the defendant, or whether he had no authority to act for the defendant in that regard. It is quite clear that after the plaintiff had got upon the public highway she had severed all her relations with the defendant, and it owed her no duty whatever. Whatever altercation may have taken place between the two women was something with which the defendant had nothing to do, and there is no aspect of the case in which it can be said that the purser was acting in the performance of any duty which he owed his employer; and, unless it is clear that at that time he was so acting pursuant to the authority vested in him by the nature of his employment, the defendant is not liable. Penny v. Railroad Co., 34 App. Div. 10, 53 N. Y. Supp. 1043.

Without considering, therefore, whether the act of the purser constituted an arrest for which he would have been liable, it is sufficient to say that whatever he did was outside of any authority which appears to have been vested in him by the defendant. For that reason the conclusion of the court below was correct, and this judgment and order must be affirmed, with costs. All concur.