(45 Misc. 424)

GARDNER v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term.    November 10, 1904.)

1. CARRIERS—INJURY TO PASSENGER—ASSAULT BY TRAINMAN.
   Where a passenger voluntarily and without excuse interfered in an altercation between strangers and the carrier's servant, he could not recover fom the carrier for injuries received.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Abraham Gardner against the Interborough Rapid Transit Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Charles A. Gardner (F. S. William, of counsel), for appellant.
Herman Gellner, for respondent.

FITZGERALD, J.    Plaintiff witnessed some altercation between the station porter of the defendant and some persons on the platform of the station, who were evidently waiting to take passage upon a train. In this controversy he was, whatever its cause, in no way concerned. No duty of interference devolved upon him, and no one called on him to interfere. Nevertheless he voluntarily assumed to take sides. The persons who had the original trouble with the porter were not infants. Neither were they acquaintances

or friends of the plaintiff. They appear to have been abundantly able to take care of themselves. The action was brought upon defendant's contract to transport in safety plaintiff to his destination. To render a common carrier liable for the act of a servant, according to the weight of authority, it must be shown that the act complained of was done in the discharge of the servant's duty to his employer, which related to the passenger. Burns v. Glen Falls R. R., 4 App. Div. 426, 38 N. Y. Supp. 856. The plaintiff's own story is far from satisfying these requirements, and the facts and circumstances as shown by the entire evidence closely resemble the situation reviewed by the Court of Appeals in Mulligan v. N. Y. & R. B. R. Co., 129 N. Y. 506, 29 N. E. 952, 14 L. R. A. 791, 26 Am. St. Rep. 539. As was stated in Scoll v. Central Park R. R., 53 Hun, 415, 6 N. Y. Supp. 383:

"It has not as yet been held that where a passenger, by his own misbehavior while being transported, has provoked a personal encounter between himself and one of the employés of the carrier, the carrier is liable for the results."

Judgment reversed and new trial ordered, with costs to the appellant to abide the event. All concur.