settlement or adjustment. He may believe, as the old adage runs, "A lean settlement is better than a far lawsuit," but yet he is restricted in the exercise of his vested property rights and in his constitutional right of freedom of contract by being subjected to the control of others, which, in the case of the attorney claiming a lien, may be exercised speculatively upon a possible verdict, rather than in the actual interest of the client. It is true that there may be another side to the picture, but, while we may imagine it, we do not deem it of such importance as to control the result on this appeal. The doctrine of the police power of the state in enacting legislation has been considered so repeatedly in the opinions of the courts as to require no restatement of its limits in this opinion. It is sufficient for us to say that, construing this statute according to its explicit terms, it was beyond the legislative power.

The judgment should be affirmed, with costs.

JENKS, P. J., and BURR and RICH, JJ., concur. THOMAS, J., not voting.

(162 App. Div. 367)

### HYATT v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. May 15, 1914.)

1. FALSE IMPRISONMENT (§ 31*)—CIVIL LIABILITY—ACTIONS—EVIDENCE—SUFFICIENCY.

Where the evidence, in an action against a railroad company for false imprisonment, merely showed that defendant's towerman detained plaintiff on a telegram from defendant's ticket agent at another station to stop plaintiff because "he had taken $20 from him," without any evidence that defendant authorized such action or had any interest therein, it was error to refuse to dismiss the complaint.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 108; Dec. Dig. § 31.*]

2. TRIAL (§ 252*)—INSTRUCTIONS—QUESTIONS FOR JURY.

In an action for false imprisonment, it was error to refuse to charge that it could not be assumed that a railroad towerman was authorized to detain plaintiff, that he had no authority to act outside the scope of his employment, and that it could not be assumed that he had any duties other than those testified to, and to leave the question of authority for the jury, where there was no evidence thereof.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

Appeal from Trial Term, Putnam County.

Action by Henry Hyatt against the New York Central & Hudson River Railroad Company, for alleged false imprisonment. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Jacob Aronson, of New York City (Frederick L. Wheeler, of New York City, on the brief), for appellant.

William H. Weeks, of Brewster, for respondent.

RICH, J. [1] On May 31, 1913, the plaintiff purchased from defendant's ticket agent at Towners, N. Y., a ticket from that station to White Plains, N. Y., and at about 12:15 o'clock in the afternoon boarded a train for his destination. When the train reached Dykeman's, where it stopped, one of the defendant's employés, a telegraph operator in the switch tower near that station, entered the car in which plaintiff was seated, told him that he was wanted at the depot, and led him from the car to the station building, where he was detained by the telegraph operator and defendant's ticket agent at that station for a period of about three-quarters of an hour, when a constable, sent from Towners with a warrant sworn out by the defendant's ticket agent at that station, arrested him.

When the plaintiff rested his case, the defendant moved to dismiss the complaint upon the ground, among others, that the plaintiff had not made out a cause of action and had not shown any detention by the defendant or any of its employés or agents whose authority to so act had been established. The motion was denied, and the defendant excepted. The defendant then rested, and renewed its motion to dismiss, which was again denied and an exception taken. The court then charged the jury that they must find "that the men who detained the plaintiff were working for and in the employ of the defendant and doing the work authorized by the defendant when they detained him, before the company is liable."

[2] At the conclusion of the charge, the defendant requested the following, among other, instructions:

"That, in the absence of other testimony than that of the mere employment as a towerman by the defendant of a man who is said to have detained the plaintiff, the jury cannot assume that the said person had authority to act as he did in behalf of the defendant so as to bind the defendant."

To this request the court replied:

"I leave to the jury the question whether this man who did detain the plaintiff was doing it at the request of the defendant or not, upon all the testimony in the case."

Defendant's counsel excepted to the refusal to charge as requested.

"That the man who is said to have detained the plaintiff had no right or authority to act for the defendant in matters outside of the scope of his employment."

To which request the court said:

"That is correct. I leave that to the jury to say whether he was acting under the direction of the company in doing what he did.

"The jury has no right to assume that the man who is said to have detained the plaintiff had any duties or employment for the defendant other than those duties and employments which have been testified to."

To which the court replied:

"That is correct, except as the testimony warrants the assumption."

To the refusal to give this instruction the defendant excepted.

The following appears to have taken place at the conclusion of the requests to charge:

"The court of its own volition asks if the towerman is in court, and, if so, to have him called as a witness. Defendant's counsel excepts to the ruling

or order of the court to have the towerman called. The court of its own volition, after hearing the requests to charge made by counsel for the defend-ant, asks the towerman to be called as a witness. The defendant objects to the calling of the towerman at the present stage of the case, because the case has already been closed, and respectfully excepts to the ruling of the court."

The towerman, Scalpino, was thereupon sworn, and, being examined by the court, testified: That the ticket agent at Towners telegraphed him to "get the man on the train, that he had taken $20 from him." That he accordingly took the plaintiff from the train when it reached Dykeman's, took him into the railroad station, and "held him in the office until the detective came along to take charge of him with a warrant." On his cross-examination he testified that, at the time of this occurrence, he was a telegraph operator at the tower; that his sole duties were to switch trains from one track to another, and maintain the signals; that his superior officer was a Mr. Van Tassell, superintendent of the company, and that he took instructions from him, and from no one else; that he had no duties pertaining to passengers on trains, and that he was not instructed by Van Tassell, or any superior officer of his, to arrest the plaintiff.

The defendant thereupon moved to dismiss the plaintiff's complaint upon the additional ground "that it affirmatively appears that the man who caused the detention and arrest of the plaintiff acted without authority of the defendant and beyond the scope of his work and employment, and not in a manner to bind the defendant." The motion was denied, and the defendant excepted.

When the plaintiff rested, there was not a particle of evidence establishing, or even warranting, the conclusion that either Scalpino or the ticket agents at Towners or Dykeman's had any authority, express or implied, to arrest the plaintiff; there was no proof that the defendant had any interest in the matter, or even owned the money alleged to have been stolen at Towners; the proof was therefore insufficient to charge the defendant with responsibility for the arrest of the plaintiff, and it was error to deny the defendant's motion to dismiss the complaint. Allen v. London & S. W. R. Co., L. R. 6 Q. B. 65; Daniel v. Atlantic C. L. R. Co., 136 N. C. 517, 48 S. E. 816, 67 L. R. A. 455, 1 Ann. Cas. 718; Mayfield v. St. Louis, I. M. & S. Ry. Co., 97 Ark. 24, 133 S. W. 168, 32 L. R. A. (N. S.) 525; Ollet v. Railway Co., 201 Pa. 361, 50 Atl. 1011; Lezinsky v. Metropolitan St. Ry. Co., 88 Fed. 437. 31 C. C. A. 573; Mulligan v. N. Y. & R. B. R. Co., 129 N. Y. 506, 29 N. E. 952, 14 L. R. A. 791, 26 Am. St. Rep. 539; Penny v. N. Y. C. & H. R. R. R. Co., 34 App. Div. 10, 53 N. Y. Supp. 1043.

The testimony of Scalpino established that what he did was outside of any authority vested in him by the defendant, and wholly outside of the scope of his employment. If the case presented any doubt as to the defendant's right to have the complaint dismissed when the original motion was made, the doubt was removed by the testimony of Scalpino, and the exception to the denial of the renewed motion to dismiss presents reversible error.

The plaintiff calls our attention to Lynch v. Met. Elevated Railroad Co., 90 N. Y. 77, 43 Am. Rep. 141, as an authority which he seems

to think sustains his contention, but that was a case where a person had purchased a ticket and entered one of defendant's elevated trains to ride from Forty-Second street to its Rector street station, but lost his ticket before reaching his destination, and was detained pursuant to a direction of the defendant that no person be permitted to leave station platforms without producing a ticket, while in the case at bar this defendant had made no rule, and it is not shown that it had any knowledge of plaintiff's arrest.

In addition, I think the trial court erred in his rulings upon the defendant's requests to charge. There was no evidence justifying the qualification or modification of the requests as made, and the defendant was entitled to have them charged in the language in which they were framed.

The judgment and order must be reversed, and a new trial granted; costs to abide the event. All concur.