Reynolds, J.
The plaintiff’s intestate was not a passenger on the defendant’s car. He was not expected to pay fare, neither did he go on board for the purpose of being transported from one place to another. He simply had a license to pass on and off the car, for the purpose of selling papers to the passengers. It appears from the complaint, that he passed into the car safely; the charge is, that the driver permitted him to pass out and off, by way of the front platform, without stopping, or slackening the speed of the car, and without directing him to pass out by way of the rear platform.
The complaint proceeds upon the theory, that by permitting newsboys to traffic with the passengers on the cars, the defendant becomes charged with the duty of looking after their safety, of seeing that they do not run into danger, and of stopping or slackening the speed of the car for them to leave, whether requested to do so or not.
I do not think the railroad company can fairly be said to have assumed any such obligation. Of course the driver had no right to do any thing which would recklessly, or needlessly expose this boy to danger; but I do not understand that the company is in any sense the guardian for the time being, even of children of tender years, who are permitted by their parents or guardians to go upon the cars for the purpose of selling papers, nor that it is bound to restrain them from exposing themselves to danger. It employs agents for the purpose of carefully and properly conducting the business of carrying passengers, but such business, it seems to me, does not embrace within its scope the *438 obligations sought to be charged upon it by the complaint in this action.
I think the complaint was properly dismissed, and that the judgment should be affirmed.
Neilson, Ch. J., concurred.