By the Court.—Freedman, J.
—Negligence, and consequently contributory negligence, is necessarily relative as to time, place, person, and surrounding circumstances.
Both are questions of fact, and whenever either of them is to be determined upon conflicting evidence, or upon a state of facts which, though undisputed, , is not conclusive, for the reason that fair-minded men may well differ as to the inferences to be properly drawn therefrom, it must be submitted to the jury and determined by them.
But when the evidence is not only undisputed, but the facts are clear and convincing and admit of but one conclusion, it is not only the right, but the duty of the court to say, on a motion for a nonsuit or for the direction of a verdict in favor of defendant, that as matter of law the ultimate fact involved therein, viz., the existence of negligence or contributory negligence, has or has not been sufficiently proven.
For the rule is well settled that in every case, before the evidence is left to the jury, there is or may be a preliminary question for the court, not whether there is literally no evidence, but whether there is any upon which the jury can properly proceed to find a verdict for the party producing it and having the burden of proof.
The difficulty is not in the rule, but in the application. of it. Each case must stand upon its own facts, and when this is borne in mind, and the authorities are read in the light of the peculiar facts upon which each of them rests, it will not be found difficult to reconcile the decisions of this State.
*189 In the case at bar the following facts appeared at the close of plaintiff’s evidence, viz :
In July, 1870, the defendant owned and operated a steam railroad in Westchester county, from which, at Melrose, a side road branched off to Port Morris, which was used for carrying ore and other freight. A freight train which had come down on the main road, was switched off to the Port Morris branch to be connected with other freight cars standing on a side track ready to be taken to Port Morris. The cars moving from the main track to this side track were flat cars, and there were two brakemen upon them. While thus in motion the plaintiff climbed upon one of the said cars, and then proceeded forward. At the time of the accident he had reached the front end of the first car, which was loaded with ore, and when that car came in contact with the other cars to be incorporated into the train for Port Morris, he was thrown off and injured. He was then about nine years old, had lived in the vicinity for several years, and the premises on which he then lived with his parents were adjacent to the railroad tracks and separated from them by a fence. This fence he crossed in order to reach the cars. Upon his own showing, therefore, he was not only a trespasser, but guilty of contributory negligence.
The defendant, on the other hand, owed plaintiff no duty ; nor does it appear that the defendant either omitted to do something which the plaintiff had the right to require, or did something which he had the right to forbid. Hence no negligence was shown, and as to that, the burden of proof was on the plaintiff. From all that appears, it seems that the train was moving in the usual and ordinary way to make the connection, when plaintiff got on. It could not have moved fast, or plaintiff could not have managed to get on. But while thus in motion, the brakemen had neither the right to order him off at his peril (Hughes *190 v. New York & New Haven R. R. Co., 4 Jones & Sp. 222), nor was it incumbent upon them to stop the train to let him get off. Indeed, there is no evidence to show that plaintiff would have got off, if he had been ordered to do so ; nor does it appear that the train could have been stopped in time to prevent plaintiff’s injury, or that the concussion was unnecessarily violent.
In Fleming v. Brooklyn City R. R. Co. (1 Abb. N. C. 433), the plaintiff, a newsboy, had a license to pass on and off the car for the purpose of selling papers to the passengers, and, having been injured, he sought to recover on the theory that the driver permitted him to pass out and off, by way of the front platform, without stopping or slackening the speed of the car, and without directing him to pass out by way of the rear platform. But the dismissal of the complaint was sustained on the ground that he was not a passenger ; that the company could not, in any sense, be deemed to be the guardian, for the time being, of children of tender years, who are permitted by their parents or guardians upon the cars for the purpose of selling papers, and that no duty arises in such a case to restrain them from exposing themselves to danger.
The case was properly disposed of, and the judgment should be affirmed with costs.
Curtis, Ch. J., and Saheord, J., concurred.