MICHAEL MEEHAN, APPELLANT, v. WILLIAM B. MOREWOOD AND OTHERS, RESPONDENTS.

*Assault — what acts, of a foreman in a warehouse, are within the scope of his employment.*

In an action for an assault upon the person of the plaintiff by an employee of the defendants' firm, it appeared that the plaintiff went with a truck, by the defendants' direction, to obtain some chests of tea at the defendants' storehouse, where they found the defendants' foreman, and the delivery upon the truck was begun. The attention of the defendants' foreman was, during the delivery, called to the fact that one of the chests of tea was in bad order, by the plaintiff, who told the foreman he could not take the chest in question. The foreman insisted that he should, and the plaintiff refusing to do so the defendants' foreman exclaimed: "Here, you damn scoundrel, clear out," and kicked and shoved him down into the street. The plaintiff, as he was passing out, grasped the door, which the defendants' foreman shut upon one of the plaintiffs fingers, causing a wound which rendered the amputation of the finger necessary.

*Held,* that the acts of the defendants' foreman were not within the scope of his employment and that the defendants were not responsible therefor.

*Hoffman* v. *The New York Central and Hudson River Railroad Company* (14 J .& S., 526, 529) distinguished.

APPEAL by the plaintiff from a judgment in favor of the defendants, entered upon a dismissal of the complaint at the New York Circuit, at the close of the plaintiff's case, which judgment was entered in the office of the clerk of the county of New York on the 28th day of October, 1887.

*James M. Lyddy,* for the appellant.

*George A. Strong,* for the respondents.

BARTLETT, J.:

In this action the plaintiff seeks to hold the defendants liable for an assault which was committed upon the plaintiff by a person in the employ of the defendants' firm. The defendants and William Donaldson, now deceased, carried on business as warehousemen in the city of New York. The plaintiff was a truckman engaged in the cartage business, and employing a number of men under him. In April, 1885, he was directed by Mr. A. Driggs to go to the storehouse of the defendants' firm, for the purpose of taking some tea out of it, to be carried over to Mr. Driggs' store. He went to the office of the defendant, where "a gentleman took the order and said his foreman would deliver the tea on Water street side of the house." The plaintiff, therefore, proceeded to the Water street side with a truck driven by one of his employees, and accompanied by another man to load. Here they found the foreman, one Neil Mahony by name, and the delivery of the tea was begun. As it was being placed upon the truck the plaintiff's loader objected to one of the chests, and said he would not take it because it was in bad order. The plaintiff called the attention of Mahony to the fact, and told the foreman that he could not take the tea to which objection was made, because it was in bad condition, and to take it would be against the orders of his boss. Mahony insisted that he should take the tea. The plaintiff said he wished he could, but he would have to pay for the damage if he did. Thereupon Mahony exclaimed, "Here, you damned scoundrel, clear out of here;" and;

seizing the plaintiff by the collar, he kicked him and shoved him out into the street. The plaintiff grasped the door as he was passing out, and the defendant shut it upon one of the plaintiff's fingers, causing a wound which rendered the amputation of the finger necessary.

Upon these facts the question arises whether the foreman, Mahony, was acting in his master's business and within the scope of his employment as a servant of the defendants' firm at the time he committed this apparently unprovoked and outrageous assault. If he was, the defendants must be deemed responsible, although the conduct of the servant amounted to a willful and wanton wrong on his part. (*Mott* v. *Consumers' Ice Co.*, 73 N. Y., 543; *Quinn* v. *Power*, 87 id., 535.) In this class of cases "the inquiry is, whether the wrongful act is in the course of the employment or outside of it, and to accomplish a purpose foreign to it." (*Ochsenbein* v. *Shapley*, 85 N. Y., 214, 220.)

The appellant refers to the separate defense, set up in the seventh subdivision of the answer, as an admission that Mahony was acting in the course of his employment on the occasion of the attack which he made upon the plaintiff. In this portion of the answer it is averred that if the plaintiff sustained the injuries of which he complains, they were caused by his own misconduct while forcibly trespassing upon the premises mentioned in the complaint, and while committing, or attempting to commit, an assault and battery "upon a porter or workman employed and performing his duties as such on said premises." There is nothing in the testimony, however, or anywhere in the record, to identify the porter or workman thus mentioned with Mahony. On the contrary, Mahony's functions appear to have been distinctly different from those of a workman or porter, and higher, for according to the plaintiff's own testimony he was the person indicated as being the foreman by the gentleman in the office of the defendant firm who took the order for the tea. The seventh subdivision of the answer, therefore, cannot be construed into an admission that Mahony was acting in the scope of his employment at the time he assaulted the plaintiff. The duty to which Mahony appears to have been assigned by his employers was the superintendence of the delivery of the tea to the plaintiff. Evidently he was expected to do nothing more than

to see that the plaintiff should be allowed to take away certain specified chests of tea. If the plaintiff had attempted to carry off other goods, the foreman, doubtless, would have been expected to interfere and protect the property of the firm. But his employment did not contemplate the exercise of any compulsion upon the plaintiff to force him to accept any particular teas, or any teas whatsoever, against his wish or protest. Indeed, a direction to deliver property to a person who has come for it generally involves the assumption that the person who has come is desirous of receiving the property. If the foreman, in making the assault, was actuated by any other feeling than one of mere anger, because the plaintiff had expressed an unwillingness to accept some of the tea, his purpose must have been to force the tea upon the plaintiff in spite of his objection; but there is no reason to suppose that the defendants themselves would have insisted, or wanted anyone to insist in their behalf, that he should take the tea in question notwithstanding his refusal to do so. The object sought to be accomplished by the foreman in making the assault thus appears to have been wholly disconnected from his employment. It was not done in the prosecution of the business which the master employed the servant to do, and the question whether the act complained of was so done is the true test of responsibility in such a case as this. (*Cosgrove* v. *Ogden*, 49 N. Y., 255.) The trial judge, therefore, was right in holding that no case had been made out against the defendants' firm, and the complaint was properly dismissed. What was said by the Superior Court in *Hoffman* v. *New York Central, etc., Railroad Company* (14 J. & S., 526, 529), to the effect that it is always a question for the jury, whether the act of a servant was done in pursuance of his employment or wickedly and maliciously, was expressly limited to cases in which the wrongful act is not entirely inconsistent with the nature of the servant's employment. Here, however, it seems to have been so.

The judgment should be affirmed, with costs.

Van Brunt, P. J., and Macomber, J., concurred.

Judgment affirmed, with costs.