WILLIAM H. FINLEY, BY CHRISTOPHER FINLEY, HIS GUARDIAN, RESPONDENT, v. HUDSON ELECTRIC RAILWAY COMPANY, APPELLANT.

*Master and servant — a motor-man inviting a boy to ride upon an electric car in return for opening a switch — no implied assent by the master.*

In an action against an electric railway company to recover for negligence alleged to have resulted in injury to the plaintiff, the plaintiff, a boy, claimed, upon the trial, that he had been invited to ride upon the car by the motor-man as payment for his services in opening a switch which it was the duty of the motor-man to open. The company had forbidden motor-men to allow any one to ride upon such terms. *Held*, that the defendant owed the boy no duty as a passenger.

That the act of the motor-man in inviting the boy to ride was not within the scope of his duty as an employee, nor was it in furtherance of the company's interest or for its benefit.

That the law would not imply an assent upon the part of the company to such an invitation by its servant.

APPEAL by the defendant, the Hudson Electric Railway Company, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Columbia on the 13th day of April, 1891, upon a verdict for the plaintiff for $3,500 after a trial at the Columbia Circuit before the court and a jury; and also from an order denying a motion, made by the defendant upon the judge's minutes, for a new trial, entered in said clerk's office on the 9th day of April, 1891.

*R. E. Andrews* and *L. F. Longley*, for the appellant.

*J. Rider Cady*, for the respondent.

HERRICK, J.:

The car of the defendant was moving at a moderate rate of speed, and carefully, through the streets, so that no duty that the defendant owed to other users of the street was violated. The plaintiff was not seeking to obtain passage as a passenger; he was not expecting or expected to pay fare, and the defendant owed no duty to him as a passenger. (*Connolly* v. *Knickerbocker Ice Co.*, 114 N. Y., 104–109; *Fleming* v. *B. C. R. R. Co.*, 1 Abb. N. C., 433; affirmed, 74 N. Y., 618; *Buckley* v. *N. Y. and H. R. R. Co.*, 43 Supr. Ct., 187.)

But it is claimed that the plaintiff was getting upon the car by invitation of the motor-man or conductor, in payment for his services in opening a switch for the motor-man; assume that to be the fact, in doing so the motor-man was not acting within the line of his duty, neither was he doing it in furtherance of the defendant's interest or for its benefit. No benefit was to be derived by the defendant from the motor-man's act. Not only is it not within the scope of his employment to invite people to ride free, or to employ others to assist him in the performance of his duties and compensate them by free transportation, but in this particular case the defendant, for the purpose of breaking up a practice of the kind in question, had ordered their motor-men not to permit or allow it, and had made rules against it. The master is liable only for the authorized acts of the servant; those done within the scope or line of the servant's employment. The root of the master's liability for the servant's act is his consent, express or implied, and when his acts are done within the scope of his employment or for his master's benefit or in furtherance of his interest, although not strictly in the line of his duty, yet in the course of his employment, the master's assent is implied and he is accordingly held liable. (*Meehan* v. *Morewood*, 52 Hun, 566; *Mulligan* v. *N. Y. and R. B. R. Co.*, 129 N. Y., 506.) As in the case of *Quinn* v. *Powers* (87 N. Y., 535), where although the servant departed from the strict line of his duty, yet what was done was in the line of his business for the master's benefit, in furtherance of his interests, and what the master might naturally have done if he had been present. (Pages 541, 542.)

The proposition of law is beyond dispute; the difficulty is, as in most cases, in applying it. The scope of the motor-man's duty as motor-man, or driver of the car, was to conduct or drive the car carefully through the streets; as conductor, for he seems in this case to have been both motor-man or driver and conductor, it was his duty to see to the welfare of passengers or those seeking to become passengers, he owed, as the servant of the defendant, a duty to no one else. The plaintiff was not injured by reason of any neglect of duty that the defendant owed to other users of the streets, neither was he injured by any neglect of duty that the defendant owed to him as a passenger or one seeking to become a passenger; and it was not within the scope of the conductor's duty to invite

him on the car as a guest, and as such the defendant was under no obligation of duty to him.

It seems to me that it was not a part of the motor-man or conductor's business, or within the scope of his employment, or for the benefit of the defendant, or in furtherance of its interest, to invite the plaintiff upon the car, under the circumstances, in this case, and hence that the defendant's assent thereto cannot be implied.

For these reasons judgment should be reversed and a new trial granted, costs to abide the event.

Mayham, P. J., and Putnam, J., concurred.

Judgment reversed and a new trial ordered, costs to abide the event.