(20 App. Div. 574.)

FENERAN v. SINGER MANUF'G CO.

(Supreme Court, Appellate Division, Second Department.  October 5, 1897.)

1. TORT OF SERVANT—LIABILITY OF MASTER. ·
      An employer is not liable for the wrongful act of his employé, unless it
   is done in the course of the employment.
2. SAME—UNAUTHORIZED ACT.
      Where a person employed to collect payments for sewing machines sold
   on the installment plan is instructed, if payment is refused, not. to touch
   or take the machine, the employer is not liable for an assault committed
   by him in connection with an unauthorized attempt to thus seize it.
3. APPEAL—CONSTRUCTION OF PLEADINGS.
      The parties to an action may, in the conduct of the trial, place a practical
   construction on the pleadings, which should prevail on appeal.

Appeal from trial term, Kings county.

Action by Margaret Feneran against the Singer Manufacturing
Company.  From a judgment for plaintiff entered on a verdict, and
from an order denying a new trial, defendant appeals.  Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and BRADLEY, JJ.

William H. Hamilton, for appellant.
Alfred E. Mudge, for respondent.

WILLARD BARTLETT, J.  The plaintiff has recovered damages
against the defendant, to the amount of $1,200, for an assault and
battery committed upon her by one William H. Ross, in the city
of Brooklyn, on the 11th day of July, 1895.  She had purchased a
sewing machine from the defendant on the installment plan, for
which she was to pay $65 in all.  Ross was a collector and salesman
in the defendant's employ.  He called at the abode of the plaintiff
to collect an installment of $3.  Mrs. Feneran offered him $2, saying
that was the best she could do to-day.  Ross declined to accept the
$2, and, declaring with an oath that he would have the machine,
sprang into the bedroom where it was standing, seized it, and began
to drag it out.  Mrs. Feneran ·attempted to detain the machine,
whereupon Ross struck her, knocked her down, and kicked her, in-
flicting injuries for which the verdict would be none too large if it
were against him personally, instead of against the Singer Manu-
facturing Company.  It does not seem to me, however, that the
judgment can be maintained against the corporation.  The basis
of liability in such cases is clearly defined.  The employer is not
liable unless the wrongful act is done in the course of the employ-
ment.  Meehan v. Morewood, 52 Hun, 566, 5 N. Y. Supp. 710, affirmed
on opinion at general term, 126 N. Y. 667, 27 N. E. 854.  The proof
was clear that the employé here had no authority to take away a
machine for the nonpayment of an installment, or for any other rea-
son.  Ross had been a salesman, and, when he began to work as a
collector for the defendant, he was expressly instructed that, if he
could not get a payment which he sought to collect, he must not in
any case touch or take the machine.  Even without this instruction
in the negative, I do not think any authority to seize and carry away

the machine could be implied from the mere employment of the assailant as a collector, and I have so held at circuit.    Marciano v. Manuf'g Co. (Kings Co.; Nov., 1894) unreported.

In the cases to which I have referred I am committed to a view of the law which is fatal to the recovery in the present action, unless the averments in the second paragraph of subdivision 2 of the answer may fairly be regarded as an admission that Ross acted with the authority of the defendant corporation in his efforts to take and carry away the machine.    Upon the oral argument I was inclined to think that the answer might be thus construed, but a careful examination of the record satisfies me that it was not so intended by the pleader, or so understood by the counsel for the plaintiff or by the court.    The proof in behalf of the defendant, and the discussions on the various motions, show that it was the contention of the defendant throughout that Ross had no authority, general or otherwise, to retake the machine from a delinquent purchaser.    Under these circumstances the practical construction which both the parties and the court put upon the pleading during the trial should prevail with us here.    As the case stood when all the evidence was in, there was no proof sufficient to justify a finding by the jury that the servant, in committing the assault, was at the same time acting within the scope of the master's employment.    The motion to direct a verdict for the defendant should therefore have been granted.

I think we ought to reverse the judgment and order a new trial. All concur.