(80 App. Div. 458.)

### McGRATH v. MICHAELS.

(Supreme Court, Appellate Division, Second Department.   March 26, 1903.)

1. MASTER—TORTS OF SERVANT—LIABILITY.
   Where an employé, who is merely authorized to collect installments due on goods sold by his employer to a third party, or to remove the goods with the third party's consent, commits an assault on the third party in an attempt to remove the goods without her consent, his employer is not responsible.

Appeal from Trial Term, Kings County.

Action by Mary McGrath against Joseph Michaels.   Judgment for plaintiff, and defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, and HOOKER, JJ.

Joseph A. Burr, for appellant.
Maurice V. Theall, for respondent.

GOODRICH, P. J.   The plaintiff has recovered a judgment against the defendant for an assault committed upon her by Shepard, one of defendant's employés.   Defendant had sold plaintiff some furniture under the installment plan, and there was an unpaid installment. Shepard came to the house.   There was a direct conflict of evidence as to what occurred, but the jury, by their verdict, have apparently found the plaintiff's account to be true.   She testified:

"On July 12, 1900, he came to my house, knocked at the door, and asked for Mrs. McGrath, and I told him I was the party.   He said, 'Well, I represent Mr. Michaels.   What are you going to do about that furniture again?' I said I expected the collector to come on Tuesday, and he had not come. He said, 'What are you going to do about it?'   I said, 'I have not got very much money this morning, but I have got a dollar, and I thought the collector—'   'Well,' he says, 'I want $5.'   I said, 'I have not got it.'   'Well,' he says, 'I will have to take the goods.'   I said, 'Can't you wait till Saturday night, and I will go down and see Mr. Michaels.'   He said, 'No; that will not do.   I want the goods or $5.'   I said, 'If I had got $5, I would not be buying goods on time.'   He said, 'That has got nothing to do with me. I want $5 or the goods.'   Then I stepped over to the bedroom door and shoved the table in front of me.   When I stood there he grabbed me, and I told him to keep his hands off me, and he began with a sneer on him. He grabbed me by the shoulder and forced me up against the door.   He threw me on the floor, and, as I fell, then I grabbed at his hat, and he fell on the floor with me.   Then he put his hand on my side.   He put his hand in his pocket and said, 'I will knock the head off her!' and he called me a vulgar name."

The plaintiff called the defendant as a witness, and he said:

"He [Shepard] has been in my employ.   *   *   *   His duties were that of a collector—to go around collecting from people the money they owed to me.   He did not have any charge of the removal of furniture.   *   *   *   He had authority to collect this bill."

Shepard testified:

"Q. When you went down to collect on this date, were you authorized to do anything else?   A. No, sir.   Q. Your other duties at that time were

what? A. Investigator, tracer, and collector. Q. Were you authorized at any time to take the goods? A. Not forcibly; no, sir; not by anybody; no, sir. Q. Only by replevin? A. If they wished to give them up, or by replevin."

The court charged the jury:

"The theory of the law is that the defendant would be responsible for the tortious acts of the agent, when committed by him while acting within the apparent scope of his authority."

To this charge the defendant excepted, and asked the court to charge that the plaintiff must satisfy the jury "that the person whom she says committed the assault was authorized; that the act was done within the scope or course of his employment—within the scope of his authority"; also that "the defendant did not authorize the acts [of Shepard], * * * and that the acts were not in the course of his employment or within the scope of his authority—what he was doing was in excess of his duty, and the plaintiff cannot recover." The court refused both requests, and the defendant excepted; thus bringing up sharply the question whether the use of the word "apparent" was error.

There is no doubt of the rule that a master may be held responsible for the acts of his servant within the general scope of his employment while engaged in the master's business, even though the servant's act be negligent, wanton, or willful. Grimes v. Young, 51 App. Div. 239, 64 N. Y. Supp. 859; Rounds v. Del., Lack. & West. R. Co., 64 N. Y. 129, 21 Am. Rep. 597; Mott v. Consumers' Ice Co., 73 N. Y. 543. But this does not cover the point involved in the use of the word "apparent." I have found no decision which grafts any such doctrine upon the general rule above stated. In a case of this nature, it is actual authority, not apparent authority, which governs. The jury may have inferred that the acts of Shepard were evidence that apparently he had authority to remove the goods without the consent of the plaintiff, and that the assault was committed in the exercise of such authority. But the evidence of the limitation of his employment to the collection of the installment, or to a removal of the goods only with the consent of the plaintiff, is clear, explicit, and uncontradicted. The defendant is not responsible for a willful act of Shepard not within the scope of his employment, and the charge was error which requires a reversal of the judgment.

Judgment and order reversed, and new trial granted; costs to abide event. All concur.