### KESSLER v. DEUTSCH et al.

#### (Supreme Court, Appellate Term. June 13, 1904.)

1. MASTER AND SERVANT—TORTS OF SERVANT—BURDEN OF PROOF.

While a master is responsible for the acts of the servant within the general scope of his employment while engaged in his master's business, whether the act be done negligently, wantonly, or even willfully, yet, in an action against the master for injuries inflicted by the servant, the burden of proof is upon the plaintiff to establish by a preponderance of the evidence that the servant acted within the general scope of his authority, and apparent authority is not sufficient.

Appeal from City Court of New York, Trial Term.

Action by Annie Kessler against Joseph Deutsch and others. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Sanders & Feltenstein, for appellants.

Louis Steckler, for respondent.

FREEDMAN, P. J. The action was brought to recover damages for an assault and battery upon the plaintiff by defendants' servant, who, with others, attempted to remove some property from plaintiff's premises, which she had purchased from the defendants on the installment plan. Ever since Mott v. Consumers' Ice Co., 73 N. Y. 543, it is true, the rule has been well settled and enforced in a number of cases that for the acts of the servant, within the general scope of his employment, while engaged in his master's business, and done with a view to the furtherance of that business and the master's interest, the master will be responsible, whether the act be done negligently, wantonly, or even willfully. But in every case the burden of proof is upon the plaintiff to establish by a preponderance of evidence that the servant acted within the general scope of his authority. Apparent authority is not enough. McGrath v. Michaels, 80 App.

Div. 458, 81 N. Y. Supp. 109. The case at bar is in its essential features identical with Feneran v. Singer Mfg. Co., 20 App. Div. 574, 47 N. Y. Supp. 284, and under the decision of that case the evidence in the present case was insufficient to authorize the submission of the issues to the jury.

Judgment reversed and new trial ordered, with costs to appellants to abide the event. All concur.