### FROOMKIN v. BROOKLYN DAILY EAGLE CO.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

MASTER AND SERVANT—TORTS OF SERVANT—LIABILITY OF MASTER—SCOPE OF
EMPLOYMENT.

Where an employé of a newspaper publisher, engaged in delivering
papers to venders, became engaged in an altercation with one of the ven-
ders and aimed a blow at him, but missed and struck plaintiff, he was
not within the scope of his employment, so as to render the publisher
liable for the assault.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Serv-
ant, §§ 1217–1221, 1230–1232.]

Appeal from Trial Term, Kings County.

Action by Fannie Froomkin, an infant, by Jacob Aranow, her guard-
ian ad litem, against the Brooklyn Daily Eagle Company. From a
judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, and RICH, JJ.

Aaron J. Colnon (Raymond D. Thurber, on the brief), for appel-
lant.

John J. Kuhn, for respondent.

JENKS, J. The action is against a master for assault by its servant. The defendant, a publisher of a newspaper, employed the servant to deliver its prints from one of its supply wagons to dealers and venders. At the close of the plaintiff's case the testimony showed the following facts: She was a vender of newspapers, standing in a large crowd about the delivery wagon, waiting to buy papers. She knew the servant who was then engaged in the work of his master. They had always been on good terms. There was no trouble between them in any way on this occasion. She suddenly received a blow on her face from the hand of that servant. While the servant was attending to Parker, a vender, another vender, Lewen, attempted to force the servant to attend to him. The servant told Lewen to wait a minute. Certain papers were flung down in the wagon by Lewen, flung back by the servant, and again flung by Lewen. Angry argument between these two men arose.

To hold the master, it must appear that the act of the servant complained of was done in the prosecution of the master's business. Meehan v. Morewood, 52 Hun, 566, 5 N. Y. Supp. 710, affirmed on opinion below 126 N. Y. 667, 27 N. E. 854. Wood on Master and Servant (2d Ed.) § 307, states the rule thus:

"The simple test is whether they were acts within the scope of his employment; not whether they were done while prosecuting the master's business, but whether they were done by the servant in furtherance thereof, and were such as may fairly be said to have been authorized by him. By authorized is not meant authority expressly conferred, but whether the act was such as was incident to the performance of the duties intrusted to him by the master, even though in opposition to his express and positive orders."

It is not enough to show that the servant was generally engaged in the master's work at the time. In Rounds v. Del., Lack & West. R. R. Co., 64 N. Y. 129, 136, 21 Am. Rep. 597, it is said:

"It seems to be clear enough from the cases in this state that the act of the servant causing actionable injury to a third person does not subject the master to civil responsibility in all cases where it appears that the servant was at the time in the use of his master's property, or because the act, in some general sense, was done while he was doing his master's business, irrespective of the real nature and motive of the transaction."

See, too, Wood on Master and Servant, § 256.

It seems to me that at the close of the case there was not sufficient testimony to sustain the complaint. The learned trial court, however, reserved decision upon the defendant's motion to dismiss, and so the defendant was put to its proof. It called the servant only. He testified that he was attending to Parker, a vender, when Lewen came up and insisted on instant service; that he told Lewen to wait a moment; and that Lewen thereupon struck him over the head with papers, became abusive, called him vile names, threatened to beat him, and finally raised his hand to strike, whereupon the witness aimed a blow at Lewen, who dodged, and the blow fell upon the plaintiff. He went to the plaintiff, wiped her face, explained the mishap, and expressed his regret. He testifies that he struck at Lewen because he was provoked by his conduct and his action. He further testifies that there was no system or rule of the master regulating the business intrusted to him, but that the method employed was his own. There was no

rebuttal. It seems to me, then, that there was not sufficient evidence to present any question to the jury as to whether the servant, in striking this blow, was in the prosecution of his master's business. Of course, if Lewen had not been present, there would have been no quarrel; and Lewen was present to transact business with the master through this servant. The difference arose over a dispute with the servant in the general charge of that business. But the blow was not given in the attempt of the servant to regulate the business that he was doing, or to enforce any rule or system of the master. The anger of the servant was aroused and provoked at Lewen's outrageous conduct or attempted violence upon him, and action followed accordingly. Even the plaintiff's witness testifies in effect that Lewen was the aggressor. The servant was attempting to punish Lewen, either for his outrageous conduct to him personally or his attempted violence against him. The matter was the personal affair of Lewen and the servant. I think, then, that the purpose of the servant in striking the blow was "wholly disconnected from his employment." See Meehan v. Morewood, supra.

The learned counsel for the appellant insists that there was a question for the jury, for the reason that the servant was an interested witness perforce of his employment. But suppose that the case had been submitted to the jury for this reason. If the jury had entirely discredited this testimony and thrown it out, then I think that there would have been no case made out against the defendant. I am well aware that the question of the scope of employment is usually for the jury. Collins v. Butler, 179 N. Y. 160, 71 N. E. 746. But there is no rule that every case which involves that question must be so submitted. I think the rule is well stated in Rounds v. Del. Lack. & West. R. R. Co., 64 N. Y. at pages 137, 138, 21 Am. Rep. 597:

"If the master, when sued for an injury resulting from the tortious act of his servant while apparently engaged in executing his orders, claims exemption upon the ground that the servant was in fact pursuing his own purposes, without reference to his master's business, and was acting maliciously and willfully, it must, ordinarily, be left to the jury to determine this issue upon a consideration of all the facts and circumstances proved. See Jackson v. Second Ave. R. R. Co., 47 N. Y. 274, 7 Am. Rep. 448. There may be cases where this rule does not apply, and where the court would be justified in taking the case from the jury; but where different inferences may be drawn from the facts proved, and when in one view they may be consistent with the liability of the master, the case must be left to the jury."

I advise affirmance, with costs.

Judgment affirmed, with costs. All concur.