MURPHY v. BUCKLEY NEWHALL CO.

(Supreme Court, Appellate Division, Second Department. June 14, 1912.)

MASTER AND SERVANT (§ 302*)—INJURIES TO THIRD PERSONS—MASTER'S LIABILITY—SCOPE OF EMPLOYMENT.

Where a collecting agent had been given explicit instructions to collect the accounts, or to report to the master the debtor's explanation for failure to pay, and there was evidence that on the debtor's default the serv-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant was not authorized to retake the goods sold or to demand them, it was not within the course of his employment to assault a debtor in order to retake the goods on her refusal to pay, so that the master was not liable for such an assault.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217–1221, 1225, 1229; Dec. Dig. § 302.*]

Appeal from Trial Term, Queens County.

Action by Catherine Murphy against the Buckley Newhall Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, BURR, and CARR, JJ.

Sol. A. Hyman, of New York City, for appellant.

George F. Hickey, of New York City (M. P. O'Connor, of New York City, on the brief), for respondent.

JENKS, P. J. This appeal is from a judgment against a master for an assault and battery committed by its servant when retaking from the plaintiff certain goods which the master had sold and delivered to her on credit. We think that the evidence did not justify a finding that the act of the servant was committed in the course of his employment. There is evidence, credible and uncontradicted, that the servant was a collector of debts due the master. Authority to retake the goods cannot be implied from such a calling. Feneran v. Singer Manufacturing Co., 20 App. Div. 574, 47 N. Y. Supp. 284. There is evidence, credible and uncontradicted, that the explicit instructions given to the servant were either to collect the debt or to report to the master the explanation of any debtor who failed to pay. There is similar evidence that upon a debtor's default the servant was not authorized to retake the goods or to demand them, much less to retake them against the will of the debtor. There is no evidence sufficient to raise an issue of fact as to the authority of the servant.

The plaintiff's version is that when she refused the demand of the servant, upon the ground that she had discharged the debt, and when she had offered to go to the shopkeeper for explanation, the servant with violent language, without her consent, and against her effort to prevent him, committed the assault and battery, and seized and carried away the goods. An affirmance upon the record would hold the master for an act of the servant not within the scope of his employment, and hence cast liability where none exists. Feneran v. Singer Manufacturing Co., supra; McGrath v. Michaels, 80 App. Div. 458, 81 N. Y. Supp. 109; Weinstein v. Singer Manufacturing Co., 121 App. Div. 708, 106 N. Y. Supp. 517.

The cases cited by the learned counsel for the respondent can be discriminated, in that they declare the liability of the master because the respective servants were acting within the scope of their employment, and hence the master was liable, even though the act complained

of was negligent, wanton, or willful. And they might be germane to the case at bar, if there had been authority in the servant to re-take the goods upon default of payment therefor. See McGrath v. Michaels, supra, and cases cited.

The judgment and order must be reversed, and a new trial must be granted; costs to abide the event. All concur.