## RUDOLPH v. SHOEMAKER.

(Supreme Court, Appellate Term, First Department.   June 10, 1915.)

1. FALSE IMPRISONMENT ⊂⊃23 — MALICIOUS PROSECUTION ⊂⊃58 — ACTS OF AGENTS—EVIDENCE OF AUTHORITY.

   In an action for false imprisonment and malicious prosecution, the defendant was entitled to the admission of evidence showing the extent and nature of the authority conferred upon his employés, who caused plaintiff's arrest.

   [Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 100; Dec. Dig. ⊂⊃23; Malicious Prosecution, Cent. Dig. §§ 117–124; Dec. Dig. ⊂⊃58.]

2. FALSE IMPRISONMENT ⊂⊃24 — MALICIOUS PROSECUTION ⊂⊃60 — ACTS OF AGENTS—EVIDENCE OF AUTHORITY.

   Defendant was also entitled to show what the instructions to his agents were upon the subject of the arrest of persons in general.

   [Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 101; Dec. Dig. ⊂⊃24; Malicious Prosecution, Cent. Dig. §§ 138–145; Dec. Dig. ⊂⊃60.]

Appeal from City Court of New York, Trial Term.

Action by Theodore Rudolph against Edgar Shoemaker. From a judgment for plaintiff, defendant appeals. Reversed.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Lloyd & Maddox, of New York City (Philip E. Goodfleisch, of New York City, of counsel), for appellant.

Samuel Greenberg, of New York City (Louis Susman, of New York City, of counsel), for respondent.

WHITAKER, J.   Action for false imprisonment and malicious prosecution.   The defense is lack of authority in defendant's employés to arrest or prosecute plaintiff, and justification, in that plaintiff was actually guilty of the crime charged, and was lawfully ar-

rested and dealt with thereafter. On July 1, 1913, about 5:30 a. m., plaintiff, salesman and collector for a corporation engaged in selling and delivering milk to the public, while in front of the premises 2055–2059 Washington avenue, Bronx, New York City, where he had been delivering milk, was arrested by two employés of defendant, by names Lohse and Koenig, who were accompanied by a police officer, and plaintiff was charged with the theft of two bottles of milk from defendant's customers in the premises 2055 Washington avenue. Plaintiff was thereupon taken to the police station, and later the same morning, at about 10:30 o'clock, after a hearing before a magistrate, in which neither he nor Koenig testified, was discharged. The questions litigated and determined upon this trial and submitted to the jury were: Did Lohse and Koenig so act within the scope of their authority in the defendant's business when they caused plaintiff's arrest as to justify holding defendant liable? and was there probable cause for such arrest? The jury, after full and ample instructions by the court, resolved the first question in the affirmative, and the second in the negative, and rendered a verdict in favor of plaintiff.

[1] We think the record as it stands contains sufficient evidence to sustain the verdict. The appellant, however, claims that the court upon the trial erroneously excluded certain evidence sought to be elicited by defendant as to the extent of the authority of Lohse and Koenig, defendant's employés, to cause the arrest of plaintiff, and as to his ratification of their acts. There being no evidence in the case that Lohse and Koenig had express authority to cause the arrest of plaintiff, the foundation of plaintiff's case rests upon the implied authority to do so. We think it was proper, and that the defendant should have been allowed to show the extent and nature of the authority conferred upon his employés, who caused plaintiff's arrest.

[2] The evidence was also excluded by the court that tended to show what the instructions to Lohse and Koenig were upon the subject of the arrest of people in general, viz.:

"Q. Had the defendant ever instructed you on the question of arresting people? (Objected to as incompetent, immaterial, and irrelevant. Objection sustained.)

"Q. What were your instructions from the defendant on the question of arresting people? (Objected to on same grounds, and upon the further ground as not binding on plaintiff. Objection sustained.)"

Neither the witness Lohse nor the witness Koenig was permitted to answer questions tending to show what their instructions were, nor was the defendant permitted to testify as to the instructions he gave his employés upon the subject of causing the arrest of people. Malice being the foundation of this action, we think the defendant should have been permitted to show the particular instructions he gave his employés. Such evidence certainly would have tended to repel a presumption of malice. Such evidence would also have tended to show the actual authority of defendant's employés. In the case at bar the question is not as to the "apparent," but the actual, authority of the defendant's employés. The rules relating to secret instructions to agents, and the "apparent" authority of agents and employés, do not apply. The present case is one where the actual authority of Lohse

and Koenig should have been proved by direct testimony, or by the proof of such facts and circumstances as would have warranted the jury in assuming that actual authority existed in Lohse and Koenig to cause the arrest of plaintiff. See McGrath v. Michaels, 80 App. Div. 458, 81 N. Y. Supp. 109.

The jury were justified in finding from the evidence in the record that the employés of defendant, in causing plaintiff's arrest, were acting clearly within the actual authority given them by defendant. Had the excluded evidence been admitted, the jury might well have taken quite a different view upon the question of the authority of defendant's employés, and also upon the question of malice and damages.

Judgment should be reversed, and new trial ordered, with costs to appellant to abide the event.

GUY, J., concurs. LEHMAN, J., concurs in result, on ground that there is not sufficient evidence of authority.