CHARLES W. HUME, Respondent, v. DONALD H. ELDER and MILO M. WELLS, Copartners Doing Business under the Firm Name and Style of ELDER & WELLS, Appellants.

Second Department, June 8, 1917.

Master and servant — negligence — injury caused by sudden starting of team — when servant not engaged in master's business.

Where the servant of the defendant employed to drive an ice wagon stopped and picked up a pail which had fallen from a truck driven by the plaintiff and again stopped his team for the purpose of allowing the plaintiff to reclaim the pail, he was not at the time engaged in his master's business, and hence, where the defendant's servant suddenly started his team with the result that the plaintiff was struck and injured by the whiffletree, the defendant is not liable, for the servant was acting in his own behalf and for his own purposes.

APPEAL by the defendants, Donald H. Elder and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 28th day of December, 1916, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 5th day of March, 1917, denying defendants' motion for a new trial made upon the minutes.

*Julian S. Eaton*, for the appellants.

*George F. Hickey* [*Thomas E. Flynn* with him on the brief], for the respondent.

JENKS, P. J.:

The plaintiff, driving a truck in a street, was told that he had dropped a pail carried underneath his truck. He turned

to see a man pick up the pail and get upon an ice wagon. The plaintiff soon stopped his truck, alighted therefrom, waited until the ice wagon came up, stopped it, walked up to it and asked its driver for the pail. The driver told the plaintiff to take the pail. At that time the plaintiff stood between the flank of one of the team of the ice wagon and the whiffletree of that wagon. He reached out his left arm, took hold of the pail, and as he was about to turn to move away the driver whipped up his team and started up his wagon, so that the whiffletree caught the plaintiff's left knee. The plaintiff tripped and fell, so that a forward wheel of the ice wagon passed over his left foot. The plaintiff has received a verdict for damages against the master of the driver of the ice wagon for negligent driving. The version of the defendants differs somewhat from that of the plaintiff, but the finding of the jury warrants us, in this case, to accept that of the plaintiff.

It is undisputed that the sole employment of the driver at this time was to deliver ice to customers of the defendants. When he stopped his wagon to pick up this pail, there is no suggestion that he supposed that it was the property of his master. It cannot be supposed that he thought that he picked up the pail in the course of his employment or in furtherance of his masters' business. The fact that he found the pail while out upon such business did not imply that the masters had any property right to a pail found by the driver in a public street, nor is there any reason to believe that the driver thought to the contrary. On the other hand, such a finding of the pail would have vested the driver with a property right thereto against every one but the owner. (*Amory* v. *Delamirie,* 1 Str. 505.)

If the driver had not halted in his masters' business to pick up the pail to take possession of it, it is obvious that there would have been no association between him and the plaintiff. The accident then arose from a condition that was entirely foreign to the relation of master and servant between the defendants and the driver. If so, then there is no culpable liability of the master, for the case falls within the principle stated and applied in *Mott* v. *Consumers' Ice Company* (73 N. Y. 543, 547); *Rounds* v. *Del., Lack. & West. R. R. Co.* (64 id. 129, 136); *Meehan* v. *Morewood* (52 Hun, 566;

affd. on opinion below, 126 N. Y. 667); *Magar* v. *Hammond* (183 id. 387, 390); ·*Froomkin* v. *Brooklyn Daily Eagle Co.* (113 App. Div. 443). In Lord Halsbury's Laws of England (Vol. 20, p. 256) it is declared, with citation of cases: "Where the servant, in doing the act, was acting on his own behalf and for his own purposes, the master is not liable, even though the opportunity of doing the act arises out of, and is afforded by, the servant's employment."

I advise that the judgment and order be reversed, and the complaint be dismissed, with costs.

STAPLETON, RICH, PUTNAM and BLACKMAR, JJ., concurred.

Judgment and order reversed, and complaint dismissed, with costs.