HYMAN ZUCKER, Respondent, *v.* LANNIN REALTY COMPANY, INC., Appellant, Impleaded with WILLIAM PAYTON and Others, Defendants.

First Department, July 6, 1926.

**Assault and battery — liability of master for acts of servant — landlord is not liable for assault committed on tenant by landlord's agent in attempting to collect rent.**

A landlord cannot be held liable for the acts of its agent in committing an assault on the tenant at a time when the agent was attempting to collect the rent of the premises from the tenant, for the act of the agent was entirely outside the scope of his employment and was not authorized or ratified by the landlord.

Appeal by the defendant, Lannin Realty Company, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 25th day of March, 1926, upon the verdict of a jury for $1,200, and also from an order entered in said clerk's office on the 8th day of March, 1926, denying said defendant's motion for a new trial made upon the minutes.

*James J. Dooling* of counsel [*William T. O'Sullivan* with him on the brief], for the appellant.

*Edmund Scotti* of counsel [*Denman, Hewson & Bevier*, attorneys], for the respondent.

Finch, J. The plaintiff seeks damages for an assault. The plaintiff was a tenant of a shop in premises owned by the appellant, for which he had been paying forty dollars a month. In 1921 the appellant notified the plaintiff that his rent would be increased to sixty dollars a month. Plaintiff refused to pay this amount. Summary proceedings were thereupon instituted, resulting in an order requiring the plaintiff to pay fifty dollars a month commencing January 1, 1922. On December 31, 1921, the appellant's manager, Payton, demanded of the plaintiff one hundred and twenty dollars, which was due for the months of October, November and December, and also fifty dollars for the month of January, 1922. The plaintiff refused to pay the rent for the month of January, stating that he would remove from the premises. Later in the evening at about eight o'clock, the plaintiff returned to the premises and found the door locked and nailed. While plaintiff was standing in front thereof, Payton came up and demanded the rent. Plaintiff demanded that the store be opened so that he might enter the same. Payton then called over two other persons and the three attacked the plaintiff and beat him, first in front of his shop, and then followed him into the lobby of a hotel across the street, dragged him out and continued to assault him upon the sidewalk. The jury rendered a verdict against the defendant, appellant, the landlord, and against Payton. The trial court directed a verdict against Holland by default. The other defendant, Finn, was not served with process. The appeal is by the landlord.

The appellant, for the purpose of this appeal, assumes the facts found by the jury of the assault by Payton, and relies solely upon the question of law as to whether under the aforesaid circumstances the defendant, as employer of Payton, can be held liable. In so relying the appellant is in the right. The case falls within the principle that where the master is without authority to do the act complained of and, therefore, could not legally authorize the same,

such act will not be presumed to be within the scope of the servant's employment, and the master will not be held liable unless he authorized or ratified the illegal act. In *Muller* v. *Hillenbrand* (227 N. Y. 448) the action was brought to recover damages for an assault committed by the defendant's janitor upon the plaintiff, who was roller-skating on the sidewalk in front of the apartment house owned by the defendant, to the annoyance of the defendant's tenants. In holding the master not liable the court said: " Had the defendant been present he would have had no authority to do what the janitor did and what he could not legally do he could not, in a legal sense, authorize the janitor to do for him.   *   *   * It may very well be that the noise caused by roller-skating on the sidewalk was annoying to the tenants, and that the janitor supposed he was furthering the master's interests by trying to prevent the annoyance, but this did not change the legal relation of the parties or confer upon him authority which the master himself did not possess."

In *Weir* v. *Watkins* (—— N. H. ——; 123 Atl. 122) the court said:. " In most kinds of business authority to commit acts of personal violence amounting to a battery cannot be inferred, for this reason, if for no other, that larger powers cannot be imputed to an agent than the principal himself possesses."

In *Feneran* v. *Singer Mfg. Co.* (20 App. Div. 574) it was held that the vendor of goods who employs a man to collect installments and instructs him that he must not take the goods for non-payment of an installment, is not liable for an assault while attempting to retake the goods because of non-payment of an installment, as such an act is not within the scope of the collector's employment; and that in the absence of instructions not to take the goods, no liability would exist on the part of the vendor. So, also, in *McGrath* v. *Michaels* (80 App. Div. 458) and *Weinstein* v. *Singer Mfg. Co.* (121 id. 708) it was held that a master cannot be held liable for the act of a servant in using force to collect a debt in the absence of proof of actual authority to use such force. In other words, what we are dealing with in the case at bar is whether it can be said that the master, in authorizing a servant to perform a lawful employment, can be said to have also authorized him to do a willful, illegal act. No authorization or ratification is shown to exist in fact, but liability is sought upon the principle that the master in authorizing a lawful act must be held for the willful, illegal act upon the ground that it is so connected with the lawful employment that it can be said to be within the scope of the authorized employment. Most of the authorities repudiate a liability where the act is thus willful and illegal. In the case at bar the defendant had no right to take any money by force from the plaintiff. The

defendant might demand the rent, but had no right to enforce such demand by physical means. It, therefore, was not within the scope of the employment of Payton to take or attempt to take the rent due from the plaintiff by force. In this respect the case is to be distinguished from certain classes of employment where an employee has authority to exercise reasonable force to perform the duties of his employment, such as a railroad conductor in removing a trespasser or disorderly person from his train. The facts of the employment in these cases directly authorize the employment of some physical force and thus place them in an entirely different category.    ·

It follows that the judgment so far as it is against the defendant Lannin Realty Company, Inc., and order appealed from should be reversed, with costs of this appeal to the appellant, the action severed, and the complaint dismissed as against the said appellant, with costs.

·    CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Judgment so far as it is against the defendant Lannin Realty Company, Inc., and order appealed from reversed, with costs to the appellant, the action severed and the complaint dismissed as against the said appellant, with costs.