ALICE K. ANDERSON, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

JOSEY ANDERSON, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Kings County, September 21, 1926.

Master and servant — liability of master for torts of servant — action against insurance company to recover damages for alleged criminal assault on woman by agent of defendant — defendant is not liable.

The defendant, an insurance company, is not liable for an alleged criminal assault on a woman by an agent of the defendant while he was engaged in his duties of collecting premiums on insurance held by the woman, for the assault was entirely without the scope of the agent's employment and the defendant is not liable for torts so committed.

MOTIONS to dismiss two complaints under rule 106 of the Rules of Civil Practice.

*Edward J. Reilly,* for the plaintiff.

*Edward M. Grout* and *Paul Grout* [*Charles B. Lavoe* of counsel], for the defendant.

DIKE, J.   There are two motions to dismiss two complaints — one by the wife, Alice K. Anderson, and the other by the husband, Josey Anderson, on the ground that neither states facts sufficient to constitute a cause of action.   The plaintiff Alice K. Anderson asks damages in the sum of $100,000, and they are claimed by reason of an alleged assault upon her by this defendant's agent, who, it appears in the complaint, was employed to collect premiums and solicit insurance.   The complaint further states that the plaintiff wife was insured in the defendant company on or about the 20th day of March, 1926, on which date the defendant's agent, one Zalotow, called at the home of the plaintiff to collect the premiums on policies held by the said plaintiff on her own life and the lives of other members of her family, at which time, and while engaged in the business of the defendant, as alleged by her, he did seek to criminally assault her against her will and resistance, and that the said agent was for this arrested and later convicted of the charge in the Court of Special Sessions of the City of New York.   The husband in his action asks for $25,000 and bases his claim upon the state of facts set forth in his wife's complaint relative to the assault.   The complaint utterly fails to set forth that the act complained of was within *the scope of the agent's employment,* or even that it was attempted while he was engaged in the business of the Metropolitan Life Insurance Com-

pany on those premises, or with the view of the furtherance of that business, or that it was in the master's interests. To hold a principal liable for unauthorized acts, criminal in their nature, would indeed be a dangerous doctrine. Agency in the perpetration of crimes cannot exist. Under such circumstances the parties would be principals and equally guilty, irrespective of the extent of their criminal participation. For a tort outside the agent's instructions the law is well settled and the exceptions are few. The query is: Were the agent's acts within the scope of the agent's authority and were the acts complained of committed in the course of his employment? Was he performing a duty enjoined upon him by reason of his employment? Acts done during the agent's employment must be sharply differentiated from those done by an agent within the scope and course of his employment. In the instant case the agent, for the time being, ceased to further his master's affairs and during this suspended period acted entirely outside the ambit of any authority. The case of *Mott* v. *Consumers' Ice Co.* (73 N. Y. 543) states: " For the acts of a servant, within the general scope of his employment, while engaged in his master's business, and done with a view to the furtherance of that business and the master's interests, the latter is responsible, whether the act be done negligently, wantonly or even willfully  *  *  *. But if the servant, without regard to his service, or to accomplish some purpose of his own, acts maliciously or wantonly, the master is not liable." (See, also, *Muller* v. *Hillenbrand,* 227 N. Y. 448; *Girvin* v. *N. Y. Central & H. R. R. R. Co.,* 166 id. 289.) In the case of *Wallace* v. *Casey Co.* (132 App. Div. 35), Miller, J., discusses interesting cases where the rule of *respondeat superior* occurs, and says (at p. 43): " In *Keegan* v. *Western R. R. Corporation* (8 N. Y. 175), Ruggles, Ch. J., distinguished between an injury to a passenger on a railroad and to a servant of the railroad, and said that in the former case the negligence of the servant was imputed to the master on the ground of public policy." And it is that distinction made in the law that eliminates the railroad cases cited by the learned counsel for the plaintiff, such as the case of *Stewart* v. *Brooklyn & Crosstown R. R. Co.* (90 N. Y. 588). For example, a broker in the course of business sending a messenger to a banking house could not be held for larceny because the messenger while in the bank stole some securities; and so in the instant case under discussion the acts of the collector were so essentially personal that I feel it would be straining the law to the breaking point to hold the insurance company liable for his wanton criminal acts. I am constrained, therefore, to grant the motions for judg-

ments dismissing the complaints herein on the ground that neither complaint states facts sufficient to constitute a cause of action, with leave to the plaintiff in each case to serve an amended complaint upon payment of costs in each case to date.