Cohn, J.
The action was brought by respondent, Steve Oneta, to recover damages for assault committed by defendant, Donald Gordon, an employee of the corporate defendant Paul Toed Company, Inc., the appellant. Though named as a defendant in the action, Donald Gordon was not served with process. The suit against appellant was predicated upon the theory that Gordon struck respondent while Gordon was engaged in the performance of his duties and in furtherance of the business of his employer, the appellant.
*682 For five months appellant had been under contract with respondent’s employer, the owner of One Park Avenue, New York City, to remove waste paper from its building. During that time Gordon had been assisting in doing this work for appellant. The materials were heavy and to facilitate their removal Gordon had customarily used a hand truck which he usually found in a storeroom located near the freight loading platform.
On the morning of the assault respondent was engaged in sweeping the platform. Gordon, who was about to remove the waste paper, could not find the hand truck in the storeroom. Eespondent in testifying described what then occurred as follows : “So he [Gordon] said, ‘ Where is the hand truck? ’ I said, ‘ I haven’t got it.’ He said, ‘ What do you mean, you haven’t got it? ’ I said, Well, I haven’t got it. If you think there is any, go inside and look,’ and he went in and said, * Don’t answer me back, ’ and I said, ‘ I am not answering you back, just that there is no hand truck,’ and he comes over, and I thought maybe to try and kid me, and all of a sudden he swung at me with the hook in back of the neck, and I dropped my broom, and I was almost dizzy, and he started to strike me again, and I hold him back and said, ‘ Stop; I didn’t do nothing to you,’ and he started to strike me and I hollered, ‘ Let me alone, please; I didn’t do nothing ’ ”,
Called as a witness by appellant, Gordon stated that he was employed by appellant as a helper on a truck; that to effect the removal of the waste paper to appellant’s vehicle parked in the driveway he asked respondent for the hand truck; that respondent called him a name, which Gordon resented; that as Gordon approached, respondent held up a broom as if to swing it and Gordon thereupon struck respondent with the iron hook which he was holding.
To make a case it is not enough for respondent to show that the servant was engaged in the master’s work at the time of the assault. (Rounds v. Delaware, Lack. & West. R. R. Co., 64 N. Y. 129, 136.) The test is whether the act complained of was done in furtherance of the master’s business, and was incident to the performance of the duties entrusted to him by the master. (Meehan v. Morewood, 52 Hun 566, affd. on opinion below 126 N. Y. 667.) The applicable principle of law is now firmly established by the Court of Appeals. “ For the acts of the servant, within the general scope of his employment, while engaged in his master’s business, and done with a view to the furtherance of that business and the master’s interest, the master will bo responsible, whether the act be done negligently, wantonly, or *683 even wilfully. * * * But if a servant goes outside of his employment, and without regard to his service, acting maliciously, or in order to effect some purpose of his own, wantonly commits a trespass, or causes damage to another, the master is not responsible ”. (Mott v. Consumers’ lce Company, 73 N. Y. 543, 547. See, also, Osipoff v. City of New York, 286 N. Y. 422, 432; Muller v. Hillenbrand, 227 N. Y. 448, 451.) In Curran v. Buckpitt (225 App. Div. 380, 382 [Third Dept.]), the court used the following apposite language: “ The principal or master is not liable for the unlawful act of his agent or servant if he has not expressly authorized it, or if it does not come within the natural scope of his employment and of the authority implied from performance of the duties delegated, where the master himself would be authorized to do the act about which complaint is made. [Citing cases.] ”
Upon this appeal, taking the facts in a light most favorable to respondent, and giving him the benefit of every inference which reasonably may be drawn from the evidence (Faber v. City of New York, 213 N. Y. 411, 414), respondent failed to prove a cause of action against appellant. Though Gordon was engaged in the collection of the waste paper as required by his employer and the use of the hand truck would have facilitated the removal of the paper from the storeroom to the truck in the driveway, there was nothing in the nature of Gordon’s employment which required that he use force. Here respondent’s own version of what occurred establishes that the assault was committed not in the course of Gordon’s employment or in the furtherance of his employer’s business but because of Gordon’s temper, passion and his personal animosity against respondent. In striking respondent he committed a trespass entirely foreign to the service in which he was engaged. His gratuitous act in using personal violence cannot be said to be within the course of his employment so as to hold appellant liable. No case was made out requiring the submission of any question of fact to the jury and the complaint as against appellant should have been dismissed. (Meehan v. Morewood, supra; Muller v. Hillenbrand, supra; Zucker v. Lennin Realty Co., Inc., 217 App. Div. 487; Froomkin v. Brooklyn Daily Eagle Co., 113 App. Div. 443, 445; Feneran v. Singer Mfg. Co., 20 App. Div. 574; Anderson v. Metropolitan Life Insurance Co., 128 Misc. 144, affd. 220 App. Div. 779; Miller v. John Wanamaker, New York, 111 N. Y. S., 786; Park Transfer Co. v. Lumbermens Mut. Casualty Co., 142 F. 2d 100; 2 Mecham on Agency, §§ 1977, 1978; 1 Restatement, Agency, § 245.) Respondent’s remedy, if any, was against defendant Gordon, the man who perpetrated the assault.
*684 The judgment should be reversed, with costs, and the complaint dismissed, with costs.
Martin, P. J., Callahan, Peck and Van Voorhis, JJ., concur.
Judgment unanimously reversed, with costs to the appellant, and the complaint dismissed, with costs.