### REED v. NEW YORK & R. GAS CO.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. TRESPASS—BREAKING AND ENTERING—COMPENSATORY DAMAGES—ELEMENTS.

In an action for breaking into plaintiff's house for the purpose of removing a meter belonging to defendant, compensatory damages were not limited to the actual damages sustained by the breaking, but included damages for the injury, insult, and invasion of the privacy, and interference with the comfort, of plaintiff and his family.

2. SAME—EXCESSIVENESS.

In an action against a gas company for trespass in breaking open plaintiff's cellar door, in order to take out a meter belonging to defendant, a verdict for plaintiff for $150 was not so excessive as to justify reversal on appeal, though the actual damage to the door was nominal, and the proof did not justify an award of punitive damages.

3. SAME—TORTS OF SERVANT—LIABILITY OF MASTER.

In an action for trespass committed by defendant's servant in removing a gas meter from plaintiff's house, where defendant introduced an order to its servant to collect a certain sum from plaintiff or remove the meter, with a return on the order that it had been removed, the evidence justified a finding that the removal of the meter was within the general scope of the servant's employment, so as to render defendant liable for the servant's wrongful trespass in removing the same.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Thomas M. Reed against the New York & Richmond Gas Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

A. E. Walradt, for appellant.

James Burke, Jr., for respondent.

JENKS, J. The action is for trespass, in that a servant of the defendant broke open a cellar door in order to take out a meter belonging to the defendant in the premises of the plaintiff. The plaintiff served a bill of particulars wherein he claimed for compensatory damages $150, punitive damages $75, damages to the cellar door and for the repair of the same $25. The learned Municipal Court justice charged the jury that, if they believed the servants of the defendant "broke in," they might award "any sum of damages you believe proper, up to the limit of $250." The jury returned a verdict of $150. The defendant moved for a new trial under section 254 of the Municipal Court act (Laws 1902, p. 1563, c. 580), and excepted to the denial of that motion.

I cannot say that the damages are excessive. It is true that the counsel for the appellant states in his points, "As to the actual damages to the lock and doors, they were merely nominal," and it is not contended that there was any other injury to the property of the plaintiff. It is also true that the jury, upon the evidence, could not award punitory damages against this defendant; for there was no proof that it had authorized or ratified its servants' acts, or that this act of the servants was done after the unfitness of the servants was known to the defendant. Muckle v. Rochester Railway Co., 79 Hun, 32, 38,

29 N. Y. Supp. 732; Cleghorn v. N. Y. Cen. & H. River R. R. Co., 56 N. Y. 44, 15 Am. Rep. 375. But there remains the question of compensatory damages. Compensatory damages embrace the determination of the extent of the injury, insult, invasion of the privacy, and interference with the comfort of the plaintiff and his family. Woodruff, J., in Ives v. Humphreys, 1 E. D. Smith, 196. Under the circumstances, it strikes me that $150, found by the jury by way of compensation, cannot be said by an appellate court to be excessive.

The point is made that the defendant is not liable. It is liable if the servants' acts were commanded or authorized by it. And it is held that "the authority may be express or implied, and that a previous command may be proved, either by direct evidence or by any legal evidence which will satisfy the jury." Welsh v. Cochran, 63 N. Y. 181, 184, 20 Am. Rep. 519. There is in evidence an order from the defendant to its servants that they should collect $5.40 or remove the meter, and a return thereon that it had been removed. This was produced by the defendant on the trial, and therefore, presumably, it had been returned to it by its servants. Even though the master had given no explicit directions to break open the door in order to make the removal, a master may be held liable for the acts of a servant within in the general scope of his employment, while about his master's business, even though the act be "negligent, wanton, or willful." Grimes v. Young, 51 App. Div. 239, 64 N. Y. Supp. 859, per Willard Bartlett, J., citing Mott v. Consumers' Ice Co., 73 N. Y. 543; Ochsenbein v. Shapley, 85 N. Y. 214; Burns v. Glens Falls R. R. Co., 4 App. Div. 426, 38 N. Y. Supp. 856; Higgins v. Watervliet Turnpike Co., 46 N. Y. 23, 7 Am. Rep. 293; Meehan v. Morewood, 52 Hun, 566, 5 N. Y. Supp. 710, affirmed 126 N. Y. 667, 27 N. E. 854. Conceding that the transportation corporation law (section 68, c. 566, p. 1149, Laws 1890) gave to the defendant the right of entry, yet the abuse thereof by breaking open the door constituted it a trespasser ab initio. The Six Carpenters' Case, 8 Co. 146a; Adams v. Rivers, 11 Barb. 390.

The judgment should be affirmed, with costs. All concur.