### FORTESCUE v. KINGS COUNTY LIGHTING CO.

(Supreme Court, Appellate Division, Second Department. November 20, 1908.)

TRESPASS (§ 57*)—DAMAGES.

Defendant lighting company's employés entered the cellar of a house occupied by plaintiff as tenant without his permission and changed the old gas meter for a new one, but the preponderance of the evidence was that they did not break in. *Held* that, though there was a technical trespass, plaintiff was entitled to nominal damages only.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. § 141; Dec. Dig. § 57.*]

Appeal from Municipal Court of New York.

Action by George K. Fortescue against the Kings County Lighting Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

John W. Searing, for appellant.
John R. Farrar, for respondent.

GAYNOR, J. The workmen of the defendant went into the cellar of the house occupied by the plaintiff as tenant and changed the old gas meter for a new one without first getting his permission. This was on April 26th, and the plaintiff moved out on May 6th following; and still he was given a judgment of $150 damages by the Justice. He was not entitled to more than nominal damages. The plaintiff and his wife testified that the cellar door was fastened on the inside by an ordinary hook and staple when closed, and that after the defendant's men were there the hook would not go down into the staple, being short in reach. The wife said the door was fastened the night before. They did not say the staple had been pulled out and put back; the husband said he did not look to see; all they said was that the hook would not go down. This was the only evidence of forcing an entrance. The two men testified that they rang the bell and knocked at the front door, and getting no response they found the cellar door open and went in. The wife is

very deaf, but the husband was also in the house at the time. The defendant was engaged in changing all the meters in that neighborhood. The preponderance of evidence is that the men did not break in. In the case of Reed v. New York & Richmond Gas Co., 93 App. Div. 453, 87 N. Y. Supp. 810, the company sent its men to remove a meter unless the householder paid a bill which they claimed of him, and the men broke in and removed the meter. The present case is very different. The company had the right to change the meter, although it was a technical trespass in going into the cellar without getting permission of the householder, or complying with section 67 of the transportation corporations law (Laws 1890, p. 1148, c. 566) in default thereof.

The judgment should be reversed and a new trial granted.

Judgment of the Municipal Court, reversed and new trial ordered, costs to abide the event. All concur.