### DOBBS v. NORTHERN UNION GAS CO.

#### (Supreme Court, Appellate Term. January 9, 1912.)

1. GAS (§ 13*)—RIGHT TO SHUT OFF SUPPLY—ENTRY ON PREMISES—TRESPASS.

   Transportation Law (Consol. Laws 1909, c. 63) § 64, provides that an agent of a gas company may, upon exhibiting a written authority, signed by the president and secretary of the corporation, enter premises to inspect and examine the meters. Section 65 provides that, upon the neglect or refusal to pay rent due for gas, the corporation supplying the gas may cut it off from the premises of such person, and may enter the premises at appropriate times to separate and carry away the meter used in supplying such gas. *Held*, that section 65 gives an absolute right to enter premises to disconnect a meter, which is not dependent upon the exhibition of written authority under section 64, and peaceable entry by an agent of the corporation for that purpose, though without consent, was not a trespass.

   [Ed. Note.—For other cases, see Gas, Cent. Dig. § 9; Dec. Dig. § 13.*]

2. GAS (§ 13*)—RIGHT TO SHUT OFF SUPPLY—TRESPASS—DAMAGES.

   Where a meter rental was paid between the time when an employé of the gas company left the company's office to disconnect the meter and the time of his entry into the premises, the company was guilty of a mere technical trespass, and should be held responsible in nominal damages only.

   [Ed. Note.—For other cases, see Gas, Cent. Dig. § 9; Dec. Dig. § 13.*]

3. GAS (§ 13*)—RIGHT TO SHUT OFF SUPPLY—TRESPASS—DAMAGES—EXEMPLARY—INSULT—EVIDENCE.

   A recovery cannot be had for insulting words, accompanying a trespass made by an agent of a gas company, where the words were spoken at a time other than that at which the alleged trespass was committed.

   [Ed. Note.—For other cases, see Gas, Cent. Dig. § 9; Dec. Dig. § 13.*]

Appeal from Municipal Court, Borough of the Bronx, First District.

Action by Willoughby B. Dobbs against the Northern Union Gas Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Stuart H. Benton, for appellant.
Willoughby B. Dobbs, pro se.

LEHMAN, J. The plaintiff sues for damages for trespass. At the trial it was shown that the alleged trespass was an entry upon the premises for the purpose of disconnecting the gas meter for nonpayment of rent. It appears that the defendant's agent entered the premises without force or opposition, but without the plaintiff's permission.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] At the trial the plaintiff was permitted, over the defendant's objection, to show that the agent exhibited no written authority. The plaintiff's counsel then stated:

"We claim a trespass, and under the transportation law and the decisions construing it the company or a representative may enter the premises upon receiving written authority from the officials of the company authorizing him to enter. If admission is refused, the party refusing admission is liable to a penalty. If the employé attempts to enter without such written authority from the company, there is a trespass committed."

I think that the theory of the plaintiff's attorney is erroneous, and the admission of evidence to prove that the agent showed no written authority is reversible error. Section 64 of the transportation law (Consol. Laws 1909, c. 63) provides that an agent of a gas company "may, at all reasonable times, *upon exhibiting a written authority,* signed by the president and secretary of the corporation, enter any dwelling, store, building, room or place lighted with gas or electric light, for the purpose of inspecting and examining the meters," etc., and further provides for a penalty of $25 for preventing or hindering the agent from so entering. Under this section there is no doubt but that the right to enter premises for the purpose of inspecting and examining the meter is made dependent upon the exhibition of written authority; but this section has no application to an entry to disconnect the meter for neglect or refusal to pay rent. This right · is expressly given by section 65 of the act, which provides that:

"If any person supplied with gas * * * by any such corporation shall neglect or refuse to pay the rent or remuneration due for the same, * * * such corporation may prevent the gas * * * from entering the premises of such person, and their officers, agents or workmen may enter into or upon any such premises between the hours of eight o'clock in the forenoon and six o'clock in the afternoon and separate and carry away any meter, * * * and may disconnect any meter * * * from the mains, pipes or wires of such corporation."

Under this section the right to enter is absolute, and not dependent upon the exhibition of any written authority. Of course, the gas company cannot enter through breaking down doors or other breach of the peace (Reed v. N. Y. & Richmond Gas Co., 93 App. Div. 454, 87 N. Y. Supp. 810); but a refusal to permit its agent to enter is wrongful, and an entry peaceably secured thereafter is not an actionable wrong. The sole issue in this case, therefore, was whether or not, at the time of the entry, the plaintiff had neglected or refused to pay the rent due, and the admission of testimony tending to raise immaterial issues was error.

[2] Moreover, on this issue the proof is uncontradicted that the payment for rent due, if made prior to the entry, was made at the office of the corporation after the agent had left the office and approximately at the time of the entry. If the defendant under those circumstances was guilty of any trespass, it was certainly of the most technical kind, and should be held to respond only in nominal damages. Fortescue v. Kings County Lighting Co., 128 App. Div. 826, 112 N. Y. Supp. 1010.

[3] The plaintiff claims that the entry was accompanied with insult, for which he is entitled to damages. With this contention I also

disagree. The only words that could possibly be construed as insulting were used by the agent towards the plaintiff's wife, not at the time he was committing the alleged trespass, but previous thereto, while asking admission to the premises.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.