(78 Misc. Rep. 136.)

DOBBS v. NORTHERN UNION GAS CO.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

1. GAS (§ 13*)—RIGHT TO SHUT OFF SUPPLY—ENTRY OF PREMISES—TRESPASS.
    Under Transportation Corporations Law (Consol. Laws 1909, c. 63) §
    65, providing that, on the neglect or refusal to pay rent due for gas, the
    corporation supplying gas may cut it off from the premises, and may
    enter the premises so to do, the right of entry can only be exercised by
    a corporation supplying gas, or its agents, when the person supplied with
    gas neglects or refuses to pay for the same.

    [Ed. Note.—For other cases, see Gas, Cent. Dig. §§ 5–9; Dec. Dig. § 13.*]

2. GAS (§ 13*)—RIGHT TO SHUT OFF SUPPLY—TRESPASS—DAMAGES.
    Where a meter rental was paid at least one hour before the gas com-
    pany's agent entered on plaintiff's premises, and plaintiff informed the
    agent of the payment, and suggested that he telephone to the company
    to ascertain the fact, and prohibited the agent from entering on the
    premises, but the agent entered on the premises, and shut off the gas,
    and locked the meter, and addressed plaintiff in a loud and insulting
    manner, a verdict for her for $50 was not excessive. .

    [Ed. Note.—For other cases, see Gas, Cent. Dig. §§ 5–9; Dec. Dig. § 13.*]

Appeal from Municipal Court, Borough of the Bronx, First Dis-
trict.

Action by Willoughby B. Dobbs against the Northern Union
Gas Company. From a judgment for plaintiff, defendant appeals.
Affirmed.

See, also, 132 N. Y. Supp. 792.

Argued October term, 1912, before SEABURY, GUY, and BI-
JUR, JJ.

Stuart H. Benton, of New York City, for appellant.
Willoughby B. Dobbs, of New York City, in pro. per.

SEABURY, J. This is an action to recover damages for tres-
pass. The facts are undisputed. On June 28, 1911, an agent of the
defendant gas company entered upon the plaintiff's premises, and
disconnected the gas supply. The entry upon the plaintiff's prop-
erty was made at about 2 p. m. on that date. The facts recited
show a trespass, unless the defendant's agent was justified in en-
tering upon the plaintiff's property.

[1] The defendant claims that it was justified in so doing under
section 65 of the Transportation Corporations Law (Consol. Laws
1909, c. 63), which provides that, if any person supplied with gas
by a gas company shall refuse to pay the rent for the same, such
corporation may prevent the gas from entering his premises, and
"their officers, agents or workmen may enter into or upon any
such premises * * * and separate and carry away any meter
* * * and may disconnect any meter * * * from the mains,
pipes or wires of said corporation." Under this section, the right
of entry can only be exercised by the gas company or its agents
when the person supplied with gas "shall neglect or refuse to pay

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
    137 N.Y.S.—50

the rent or remuneration due for the same." Under this statute, therefore, the question whether the entry of the agent of the defendant was or was not a trespass turns upon the question whether the plaintiff neglected or refused to pay the amount due for gas supplied.

[2] It is undisputed in this case that the plaintiff paid the amount due for gas at least one hour before the agent of the defendant entered upon the plaintiff's premises. It seems to me that the mere recital of these facts shows that the agent of the defendant was not justified in entering upon the property of the plaintiff at the time the entry was made. When the defendant's agent called at the plaintiff's house, he demanded the payment of the amount which he claimed to be due for gas. The plaintiff's wife, upon whom this demand was made, told him that the gas bill had been, paid, and that she had sent the money some time before to the gas company by her son. To this the agent replied: "That is what you told me before." The plaintiff's wife explained to him that he could easily verify her statement by telephoning to the company, and that he would learn that the bill had been paid. This very sensible advice the agent refused to act upon, but, instead, insisted upon entering the house. The plaintiff's wife told him that he must not enter the house, and that he had no right to turn off the gas, because the bills had been paid, but that, if he still insisted upon disconnecting the gas supply, there was a place in the street from which he could turn it off, and that his entry into the house was entirely unnecessary. Shortly after this conversation, the plaintiff's wife found the agent in the cellar of her house. He told her that he had turned off the gas and locked the meter, and addressed her in a loud and insulting manner. Upon this evidence, the jury awarded the plaintiff a verdict for $50 to compensate him for the defendant's violation of his rights.

In my judgment, the verdict was entirely reasonable and just, although perhaps not altogether adequate. In view of the circumstances under which the entry of the defendant's agent was made, I do not think it can be said to have constituted a mere technical trespass, for which only nominal damages could be recovered. It may be that, upon the first trial of this action, the plaintiff did not sufficiently establish the circumstances under which the defendant's agent wrongfully entered the plaintiff's house, and that for that reason the trespass was held to be technical merely. Dobbs v. Northern Union Gas Co., 132 N. Y. Supp. 792. However this may be, I think that we must determine the present appeal upon the record which is now before us, and upon that record I feel satisfied that the judgment which the plaintiff has now recovered should be affirmed. The alleged errors which the defendant claims were made in the court below in the admission of evidence are of such a trivial character that they cannot be regarded as having prejudiced the rights of the defendant, in view of the fact that the evidence of the plaintiff upon the main question which is involved is uncontradicted. If authority is needed to establish that an

award of $50 is not excessive, it will be found in Reed v. N. Y. & Richmond Gas Co., 93 App. Div. 454, 87 N. Y. Supp. 810.

The judgment should be affirmed, with costs.

GUY, J., concurs.　BIJUR, J., concurs in the result.