(82 Misc. Rep. 427.)

### OLIN v. UNITED ELECTRIC LIGHT & POWER CO.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

1. TRESPASS (§ 12*)—ENTRY BY DECEIT—SERVANT OF ELECTRIC LIGHT COMPANY—TURNING OFF CURRENT—UNPAID BILL.

Where defendant's cut-out inspector called at plaintiff's apartment and obtained entrance by pretense of a desire to read the electric meter, but, instead of reading or inspecting the meter, turned off the current, and, when asked for an explanation, said that it was because plaintiff did not pay his bills, and under the contract defendant was entitled to enter the apartment to read or inspect the meter and to turn off current, if bills were overdue and payment was refused after demand, but there was no unpaid bill owing from plaintiff to defendant at the time, the inspector's act constituted a trespass, for which defendant was liable.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. § 10; Dec. Dig. § 12.*]

2. TRESPASS (§ 12*)—REAL PROPERTY—MANNER OF ENTRY.

It is immaterial, except as to the amount of damages, whether a tortious entry is obtained by deceit, stealth, threats, force, or without actual consent; it being a trespass in either case.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. § 10; Dec. Dig. § 12.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Frank E. Olin against the United Electric Light & Power Company. From a Municipal Court judgment in favor of defendant on a verdict directed by the court, plaintiff appeals. Reversed, and new trial ordered.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Frederick W. Hamberg, of New York City, for appellant.
Beardsley, Hemmens & Taylor, of New York City, for respondent.

GUY, J. The action is brought for trespass in entering plaintiff's premises by trickery and wrongfully turning off the electric light without plaintiff's consent.

On December 2, 1912, about 4:30 p. m., after all bills due for electric light supplied to plaintiff by defendant had been paid, defendant's "cut-out inspector" called at plaintiff's apartment, rang the bell, and said he came to read the electric meter. He was given a chair, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the light turned on by the plaintiff's servant for him to read the meter. Instead of reading or inspecting the meter, he turned off the current. When asked why he was turning the lights off, he said, "Because you people do not pay your bills." Plaintiff's wife immediately called up on the telephone the defendant's Hamilton Place station, where she paid her bills; but all proof of what was said by her or defendant's representative was excluded, to which plaintiff excepted.

She was allowed to testify that, as a result of what was said, defendant sent a man to her apartment, who at 6:30 p. m. the same evening turned on the current. She mailed her check in payment of defendant's bill on November 29, 1912. The indorsement thereon shows that it was deposited by defendant in the bank on which it was drawn, and was also paid to defendant by that bank, on December 2, 1912. The defendant's bill was dated November 27, 1912, was received on November 27, 1912, part of the service charged therein was under date of November 11, 1912, and it seems to have been paid promptly.

The defendant's cut-out inspector testified that on December 2, 1912, he cut off the current as the result of a cut-off list he had had ever since November 29th, without, as he claims, either making any misrepresentations or using any force. His testimony is somewhat contradictory and unsatisfactory. But the direction of a verdict for the defendant establishes, for the purposes of this appeal, the truth of plaintiff's testimony in so far as there is any conflict as to details. Defendant's cashier testified to the receipt of plaintiff's wife's check for its bill, when he got to his office at 9 a. m. on the morning of December 2, 1912, in the first mail, and that he deposited it about noon.

[1] Under the contract defendant had a right to enter plaintiff's apartment to read or inspect the meter at all reasonable times; under the statute it had a right to enter and cut off the current if bills were overdue and payment was refused after a demand; 4:30 p. m. on a Monday afternoon was a reasonable time to read or inspect the meter or to cut off the current because of an unpaid bill; but at that time there was no unpaid bill, and the entering of the apartment for the pretended purpose of inspecting the meter, and then wrongfully turning off the current without plaintiff's consent, constituted a trespass for which defendant would be liable.

[2] It is immaterial, except as to the amount of damages, whether such a tortious entry is obtained by deceit, stealth, threats, force, or without actual consent; in any case it is a trespass. Dobbs v. Northern Union Gas Co., 78 Misc. Rep. 136, 138, 139, 137 N. Y. Supp. 785; Reed v. N. Y. & Richmond Gas Co., 93 App. Div. 453, 455, 87 N. Y. Supp. 810; Fortescue v. Kings County Lighting Co., 128 App. Div. 826–827, 112 N. Y. Supp. 1010.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.